405 So.2d 750 (1981)
Lewis W. MILES II, Appellant,
v.
Patricia KATZ, Palmland Development Corp. and Albert P. Boltri, Appellees.
No. 80-75.
District Court of Appeal of Florida, Fourth District.
October 21, 1981.
Rehearing Denied December 1, 1981.
*751 Daniel H. Jones of Moyle, Jones & Flanagan, P.A., West Palm Beach, and Lewis W. Miles II, Miami, for appellant.
Phillip T. Crenshaw of Crenshaw & Crenshaw, Lake Worth, for appellee/intervenor, Albert P. Boltri.
MOORE, Judge.
Lewis W. Miles II, an attorney, appeals from a judgment in garnishment holding his charging lien inferior to a judgment lien and setting aside a security interest as a fraudulent conveyance pursuant to Section 726.01, Florida Statutes (1979). We hold that a charging lien is superior to a judgment lien obtained after commencement of an attorney's services and that the court erred in setting aside the security interest as a fraudulent conveyance. Accordingly, we reverse.
The charging lien arose from the appellant's contingent fee arrangement with Palmland Development Corporation in a mortgage foreclosure action. The agreement obligated the appellant to defend Palmland in the foreclosure action and to file a counterclaim to have the mortgage and note cancelled. Such cancellation would result in the recovery of $22,000 which was being held in escrow as security for the mortgage and note. After commencement of the attorney's services, pursuant to the contingent fee arrangement, the appellee, Boltri, a former employee of Palmland, obtained a judgment against Palmland for unpaid salaries. Palmland was then successful in obtaining a final judgment for the $22,000 and cancelling the mortgage and note. The $22,000 which was transferred to the appellant's trust account is the subject of this garnishment action.
The appellant claimed entitlement to the fund by virtue of a charging lien resulting from the contingent fee arrangement and also from a security interest held by him to secure an antecedent debt of $16,000 for past legal services. Subsequent to the initiation of Boltri's suit for unpaid salaries, Palmland executed a $16,000 demand note in favor of the appellant for past legal services. It also made appellant a secured party by executing a financing statement covering "... any interest, legal or equitable, in any real property or personal property, stock, goods or inventory, or any proceeds of litigation... ." At the time of this garnishment action, the $22,000 fund represented Palmland's only asset.
The trial court found that the attempted creation of a security interest for the $16,000 antecedent debt constituted a fraudulent conveyance pursuant to Section 726.01, Florida Statutes (1979) and, therefore, was voidable at the instance of Boltri. The trial court also found that Boltri's judgment lien had priority over the appellant's charging lien.
The trial court concluded that the presence of several indicia of fraud established a presumption that Palmland created the security interest with the intent to delay, hinder or defraud its creditors. These indicia of fraud included a close business relationship between Palmland and its attorney, the fact that Palmland was close to insolvency, *752 that the transfer included all or substantially all of Palmland's assets, that the note was payable on demand, and that the note and financing statement were executed three days after Boltri served Palmland with his summons and complaint. While any one of these facts, standing alone, may amount to little more than a suspicious circumstance, several of them combined together may afford a basis from which fraud may be inferred. Banner Construction Corporation v. Arnold, 128 So.2d 893 (Fla. 1st DCA 1961). The record, however, does not indicate that the appellant actually participated in Palmland's alleged fraudulent purpose or that he was not acting in good faith in accepting the note and security interest.
A debtor's preferential transfer of property to a creditor cannot be declared fraudulent as to other creditors, although the debtor in making it, intended to defeat their claims, and the preferred creditor had knowledge of such intention if the preferred creditor did not actually participate in the debtor's fraudulent purpose. See, Vickers v. Glenn, 102 Fla. 535, 136 So. 326 (1931). If the only purpose of the creditor is to secure his debt, and the property is not worth materially more than the debt, the transaction is not fraudulent. Nelson v. Cravero Constructors, Inc., 117 So.2d 764 (Fla. 3rd DCA 1960). And this is so, although the preferred creditor knows that the debtor is insolvent, that the transfer is of all of the debtor's property, that there are other creditors, that the debtor is actuated solely by the desire to defraud his own creditors, and the effect of the debtor's action will be to defeat them. The preferred creditor, however, must act in good faith, but if he takes the conveyance for the purpose of aiding in the fraud, it is void. See, Nelson, supra. The record here does not contain substantial competent evidence that the appellant actively participated in Palmland's alleged fraudulent purpose to defeat the claims of other creditors, or that the appellant accepted the security interest for the purpose of aiding in the alleged fraud. Furthermore, the parties executed the financial statement to secure an antecedent debt of $16,000. After subtracting the contingent fee from the $22,000 secured fund, insufficient money would remain to satisfy the $16,000 antecedent debt. Consequently, the property transferred was not worth materially more than the debt it secured. Accordingly, the trial court erred in setting aside the security interest as a fraudulent conveyance.
The lower court also erred by giving the Boltri judgment priority over the attorneys fee lien. A charging lien is the right of an attorney to have the expenses and compensation due him for his services in a suit secured to him in the judgment, decree or award for his client. The lien attaches to the judgment but relates back and takes effect from the time of the commencement of the services rendered in the action. Randall v. Archer, 5 Fla. 438 (1854); 4 Fla. Jur.2d, Attorneys at Law, § 162; 7 Am.Jur.2d, Attorneys at Law, § 332.
The attorney fee lien has priority over judgments obtained against the client subsequent to the commencement of the attorney's services. It is only inferior to judgments entered prior to the commencement of the services. Therefore, since Boltri obtained his judgment after the appellant entered into the contingent fee agreement with Palmland for the foreclosure case, the attorney's charging lien on the proceeds of the foreclosure case has priority over Boltri's judgment lien. This result allows the attorney who created the funds to be paid for his services.
The appellee relies upon In Re: Diplomat Electric, Inc., et al., 499 F.2d 342 (5th Cir.1974). The Diplomat case is distinguishable. It presented a question of priority between setoffs and charging liens. The present case does not involve a setoff. The existence of a setoff changes the legal issues involved by affecting the amount of the fund subject to a charging lien. To the extent that the Diplomat case may be interpreted as being inconsistent with our conclusion here, we disagree with Diplomat.
We reverse the trial court's judgment setting aside the appellant's security interest *753 as a fraudulent conveyance and holding that the appellant's charging lien is inferior to Boltri's judgment lien. We remand this case for further proceedings consistent with this opinion.
GLICKSTEIN, J., concurs.
BERANEK, J., concurs specially with opinion.
BERANEK, Judge, concurring specially.
I concur specially to add that the trial court here did not find fraudulent participation on the part of the preferred creditor who is now the appellant before this court. The court set aside the security interest on the basis of the presumption that the debtor, Palmland, created this security interest with the intention of defrauding its creditors. The trial court did not conclude that the preferred creditor, Miles, participated in this fraud.