739 So.2d 1215 (1999)
Debra ROCHLIN, Appellant,
v.
Gillian CUNNINGHAM and Thomas Ruffin, III, Appellees.
No. 98-0918.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
Rehearing Denied September 24, 1999.
*1216 Diane H. Tutt and Sharon C. Greenberg of Diane H. Tutt, P.A., Plantation, for appellant.
Terrence P. O'Connor of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for Appellee-Gillian Cunningham.
Deborah Marks, Aventura, and Janice Felder Carlson, Fort Lauderdale, for Appellee-Thomas Ruffin, III.
DELL, J.
Debra Rochlin appeals an order that denied her claim for attorney's fees and charging lien, and entered a judgment awarding attorney's fees and costs in favor of Gillian Cunningham ("Cunningham"), her former client.
Appellant agreed to represent Cunningham in a paternity action against Thomas Ruffin, III ("Ruffin"). After nine months, Cunningham dismissed appellant and another attorney settled the paternity action. Thereafter, appellant filed motions for a charging lien, retaining lien, and attorney's fees.
In its order denying appellant's claim for a charging lien, the trial court made the following findings: In the summer of 1995, Ruffin offered Cunningham child support in excess of the child support guidelines, $1,500.00 per month. On August 30, 1995, Cunningham and her boyfriend met with appellant to discuss settlement issues, and appellant, without a support guideline scoresheet, advised Cunningham to "hold out" for $3,500.00 per month in base child support. Ruffin's attorney testified that appellant proposed $3,000.00 per month as a base child support figure at a later date. Based upon these findings, the trial court concluded that appellant's advice on child support was not sound and resulted in *1217 additional litigation and legal fees that Cunningham should not be required to pay. Appellant's advice led Cunningham to mistrust Ruffin on the child support calculations, resulting in a number of major stumbling blocks in the settlement negotiations. Moreover, Cunningham's new attorney settled the "relatively simple case" in an expedited manner with the same child support figure originally proposed by Ruffin, $1,500.00 per month. The trial court further concluded the total time expended by appellant in the paternity action was not reasonable, and found that "$5,000.00 [was] a reasonable value for the services rendered by [appellant] considering all of the facts in the case." However, the trial court did not award appellant a charging lien or judgment for that amount.
After the trial court denied appellant's claim for a charging lien, she filed a motion for rehearing requesting the trial court clarify and/or alter its order. She asked the trial court to add a paragraph to its order requiring Cunningham to pay her $5,000.00 since the trial court found that figure to be the reasonable value of her services in the paternity action. The trial court denied appellant's request and refused to modify its order. Appellant timely appeals the trial court's orders and raises four points on appeal.
First, appellant contends that the trial court erred in failing to grant her a charging lien for the full amount of her fees in the paternity action. She also claims that, to the extent the trial court found $5,000.00 to be a reasonable fee for her services, it should have entered a charging lien for that amount.
In order to obtain a charging lien for an attorney's services, an attorney must "produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the [attorney's] services." Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 91-92 (Fla. 3d DCA 1987); see also Cole v. Kehoe, 710 So.2d 705, 706 (Fla. 4th DCA 1998) (denying the wife's former attorney's claim for attorney's fees in securing his charging lien, because his actions "did nothing to contribute to the dissolution action and the resulting `fruits' reaped by the wife"). The fact that the final settlement agreement included some terms that were negotiated by appellant does not mean that she produced a positive judgment for Cunningham. The record shows that no settlement was reached while appellant represented Cunningham mainly because of the advice concerning the child support. Based on this record, we hold that the unresolved settlement agreement did not constitute a positive result as contemplated by Litman and Cole.
Second, appellant contends that the trial court erred in finding that the total time expended by her prior to her dismissal was not reasonable, since this case was not relatively simple and her advice was sound on the child support. She argues that the trial court erred in finding $5,000.00 as the reasonable value for her services. She also argues that after having found $5,000.00 to be a reasonable fee, the trial court should have entered a judgment for her for that amount. The record supports the trial court's findings that the total time expended by appellant in the paternity action was not reasonable because the issue of child support was relatively simple and appellant's advice on the matter was unsound. The record also supports the trial court's finding that $5,000.00 was a reasonable fee for appellant's services.
The trial court did, however, err in failing to award appellant $5,000.00 for her services in the paternity action. Appellant raised her entitlement to such fees in the charging lien proceeding by separate motion. The issue was tried by consent, and the Retainer Agreement established her entitlement to attorney's fees. Therefore, the trial court abused its discretion in failing to award appellant the sum of *1218 $5,000.00 for her services in the paternity action.
Third, appellant contends that the trial court erred in awarding attorney's fees and costs in favor of Cunningham pursuant to section 57.105(2), Florida Statutes (1995), based upon the Retainer Agreement. The Retainer Agreement, signed by appellant and Cunningham on July 19, 1995, allowed appellant to recover her reasonable attorney's fees and costs in enforcing a claim for attorney's fees under the contract. Section 57.105(2) gives the trial court discretion to award attorney's fees to the prevailing party in any action, when it involves a contract allowing recovery of fees, and the party is required to take action to enforce the contract. § 57.105(2), Fla. Stat. (1995) (emphasis added). Since Cunningham prevailed in the charging lien proceeding, the trial court properly awarded her attorney's fees and costs pursuant to the Retainer Agreement.
Appellant also argues that Cunningham failed to timely seek attorney's fees and costs, and thereby waived her entitlement to them. "The general rule is an easy one: to recover attorney's fees in a lawsuit, a party must timely request them in a pleading or a motion." Green v. Sun Harbor Homeowners' Ass'n., 685 So.2d 23, 25 (Fla. 4th DCA 1996). Cunningham filed a motion for fees on July 14, 1997, before the trial court entered its order in favor of Cunningham on November 24, 1997. Cunningham's motion provided actual notice of Cunningham's claim for attorney's fees months before the final order. See Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991) (holding that a prevailing party cannot recover attorney's fees authorized in a statute or contract by a motion filed after entry of a final judgment, where the motion raises the issue of that party's entitlement to attorney's fees for the first time)(emphasis added). "The primary focus of Stockman is actual notice of a claim for fees, not whether the notice had to take the form of a pleading, to the exclusion of a motion." Green, 685 So.2d at 24.
Finally, appellant contends that the trial court erred in refusing to award her reasonable attorney's fees incurred in the charging lien proceeding. Appellant concedes that the trial court did not have authority to award her attorney's fees for the charging lien proceeding under Cole, but argues that she is entitled to them under the terms of the Retainer Agreement. Although the Retainer Agreement provided for recovery of attorney's fees in enforcing the contract, Cunningham prevailed in the charging lien proceeding, not appellant.
Accordingly, we affirm the trial court's order denying appellant's claim for a charging lien and attorney's fees in the charging lien proceeding. We also affirm the trial court's award of attorney's fees and costs to Cunningham pursuant to the Retainer Agreement and section 57.105(2), Florida Statutes. We reverse the trial court's denial of appellant's claim for attorney's fees in the paternity action and remand this cause with instructions to award appellant $5,000.00 for her services.
AFFIRMED in part; REVERSED in part, and REMANDED.
STEVENSON and HAZOURI, JJ., concur.