DELL, J.
The law firm of Leiby, Taylor, Stearns, Linkhorst & Roberts (Leiby) appeals from a final order denying its motion for rehearing, entered after the trial court denied its claim of a charging lien. We reverse and remand.[1]
Wedgewood Air Conditioning, Inc. (Wedgewood) retained the law firm of Be-har, Gutt and Glazer (Behar) to represent it in a dispute with Buy Rite Real Estate and D.R.K. of Broward County, Inc. (D.R.K.).[2] Wedgewood later retained Lei-by to serve as co-counsel with Behar. Thereafter, Wedgewood and D.R.K. entered into a mediated settlement agreement wherein D.R.K. agreed to pay Wedgewood $12,000 in two installments of $6,000 each. The agreement also provided that each party would pay its own attorney’s fees.
On June 5, 2000, D.R.K. paid the first $6,000 installment into Behar’s trust account. On June 26, 2000, Leiby filed a notice of claim of attorney’s charging lien:[3]
LEIBY ... files this Claim of Attorneys’ Charging Lien in the sum of $8,528.81, due and owing and unpaid for legal services rendered and costs in the above-styled cause on behalf of WEDGEWOOD AIR, INC. (“WEDGE- *129 WOOD”), upon all of WEDGEWOOD’S right, title and interest in any and all real and personal property within the jurisdiction of this Court, pursuant to the Representation Agreement between LAW FIRM [Leiby] and WEDGE-WOOD, dated March 13, 2000.
Leiby also stated in its claim of lien that:
The Attorneys’ Charging Lien of LAW FIRM [Leiby] relates back to March 13, 2000 and is superior in dignity to any other liens subsequent to March 13, 2000, pursuant to the applicable Florida case law.
On July 5, 2000, D.R.K. paid the second $6,000 installment into Behar’s trust account.
Behar filed a memorandum of law opposing enforcement of Leiby’s charging lien. In its memorandum Behar asserted a retaining lien in the amount of $8,673.67 and maintained that it had attached to the settlement proceeds in its possession. Leiby filed a memorandum in support of its charging lien.
After an evidentiary hearing, the trial court determined that the attorneys’ fees sought by Leiby in its charging lien in the amount of $10,012.50 were reasonable. After Behar and Leiby filed their memorandums of law the trial court denied Leiby’s claim of charging lien. The trial court found that Behar’s retaining lien “shall take priority over any charging lien filed in this action.” The trial court later denied Leiby’s motion for rehearing.
Leiby contends that the trial court erred when it denied its claim for a charging lien, and when it determined that Behar’s retaining lien was superior to its charging lien. We agree and reverse.
Leiby correctly cites Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 879 (Fla.1988), in support of its argument that it held a valid charging lien. In Litman, the court defined a charging lien as “an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit.” Id. at 91. The record supports Leiby’s argument that it satisfied the elements for a valid charging lien. Behar argues that its retaining lien has priority over Leiby’s charging lien. In Daniel Mones, P.A. v. Smith, 486 So.2d 559 (Fla.1986), the supreme court discussed an attorney’s right to a retaining lien:
In Florida an attorney has a right to a retaining lien upon all of the client’s property in the attorney’s possession, including money collected for the client.... Unlike a charging lien, a retaining lien covers the balance due for all legal work done on behalf of the client regardless of whether the property is related to the matter for which the money is owed to the attorney.
Id. at 561 (citation omitted). Leiby responds by directing this court to its representation contract dated March 13, 2000, and argues that its charging lien relates back to the date of the execution of the representation agreement. In Miles v. Katz, 405 So.2d 750 (Fla. 4th DCA 1981), this court explained:
A charging lien is the right of an attorney to have the expenses and compensation due him for his services in a suit secured to him in the judgment, decree or award for his client. The lien attaches to the judgment but relates back and takes effect from the time of the commencement of the services rendered in the action.
The attorney fee lien has priority over judgments obtained against the client subsequent to the commencement of the attorney’s services. It is only inferior to *130 judgments entered prior to the commencement of the services.... This result allows the attorney who created the funds to be paid for his services.
Id. at 752 (citations omitted). Based on Miles, we must conclude that Leiby’s charging lien related back to March 13, 2000, and attached to the proceeds that were paid to the Behar firm pursuant to the settlement agreement. We are not persuaded by Behar’s argument that because Behar also represented Wedgewood in the dispute against D.R.K. its retaining lien should be given priority over Leiby’s charging lien Behar failed to file a charging lien and its reliance upon its passive retaining lien to establish its claim against the settlement proceeds would deny the attorney who participated in the creation of the funds payment for his services. Miles.
Accordingly, we reverse the trial court’s order denying Leiby’s claim for a charging lien and remand with instructions to enter an order granting Leiby a charging lien on the proceeds of the settlement in the amount of $10,012.50 and for further proceedings and entry of such orders as may be consistent herewith.
REVERSED AND REMANDED.
WARNER and TAYLOR, JJ., concur.

.While this appeal was pending the trial court entered an order granting Leiby essentially the same relief as we order by this opinion. Because the trial court was without jurisdiction to enter the order Leiby moved this court to relinquish jurisdiction. Appellee filed a response asserting the jurisdictional defect and further arguing that the order was entered by mistake. We conclude that relinquishment of jurisdiction would not moot this appeal since it would not resolve appellees’ argument, which we have rejected, that its retaining lien should be declared superior to the charging lien.

. Buy Rite Real Estate is not a party to this appeal.

. On June 30, 2000, Leiby filed an amended notice of charging lien.