[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 9, 2003
THOMAS K. KAHN
CLERK

No. 02-11544

D.C. Docket No. 01-00828 CV-ORL-19

IN RE:

ALPHATECH SYSTEMS, INC.,

Debtor.

TEXTRON FINANCIAL CORP.,

Plaintiff-Appellant,

versus

UNITED FINANCIAL GROUP, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the
Middle District of Florida

**(January 9, 2003)**

Before TJOFLAT and BLACK, Circuit Judges, and GOLDBERG[*], Judge.

GOLDBERG, Judge:

Textron Financial Corporation ("Textron") appeals the district court's order of February 20, 2002, which affirmed the bankruptcy court's judgment of February 9, 2001. The district court held that United Financial Group, Inc.'s ("United") lien on the collateral at issue, a Nakamura TW 10-4 Multi Axis Lathe, serial number W104807 ("Lathe"), had priority over Textron's lien on the Lathe. The court concluded that United was first to perfect its security interest in the Lathe and thus had priority under Fla. Stat. § 679.312(5)(a) (2000), and that Textron did not have priority as a purchase money security interest because Textron did not file a UCC-1 financing statement within the 15-day period prescribed under Fla. Stat. § 679.312(4) (2000). This Court has jurisdiction pursuant to 28 U.S.C. § 158(d) (2000).

The facts in this case are not in dispute. On September 15, 1998, United and Alphatech Systems, Inc. ("Alphatech"), entered into an agreement whereby United extended credit to Alphatech, and Alphatech granted United a blanket security interest in "any and all goods, accounts receivable, chattels, fixtures, furniture,

[*] Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

2

equipment, assets and property of every kind wherever, now and/or hereafter belonging to Alphatech . . . ." The following day, September 16, 1998, United filed a UCC-1 financing statement with the Florida Secretary of State. Alphatech executed a second security agreement on October 1, 1998, granted United a security interest in additional collateral. United filed a UCC-1 financing statement to perfect this second security interest on October 15, 1998. On December 29, 1998, Methods Machine Tools, Inc. ("Methods Machine") issued an original invoice for the sale of the Lathe to Alphatech. The bill of lading shows that the Lathe was delivered on December 31, 1998. The invoice required Alphatech to pay Methods Machine $247,063 within thirty days. Alphatech did not have financing in place to pay for the Lathe at the time of delivery. Upon delivery to Alphatech, United had a perfected security interest in the Lathe.

After Alphatech arranged for Textron to finance the purchase of the Lathe, Methods Machine issued a second invoice for the Lathe dated January 20, 1999. On February 12, 1999, Textron filed a UCC-1 financing statement with the Florida Secretary of State to perfect its security interest in the Lathe. On February 17, 1999, Textron agreed to loan Alphatech the funds to pay Methods Machine for the Lathe, and Alphatech granted Textron a security interest in the Lathe.

The bankruptcy court determined, and the district court affirmed, that under Fla. Stat. § 679.312(4) (2000), Textron had failed to gain priority over other creditors as a perfected purchase money security interest in the Lathe because Textron did not file a UCC-1 financing statement within 15 days of the delivery of the Lathe to Alphatech. Therefore, because United had a prior perfected security interest, United's lien on the Lathe had priority over Textron's lien.

This Court reviews the district court's conclusions of law *de novo*. In re Halabi, 184 F.3d 1335, 1337 (11th Cir. 1999).

The sole issue on appeal is whether Textron had a properly perfected purchase money security interest in the Lathe, and thus had a priority to United's perfected security interest, under Fla. Stat. §§ 679.312(5)(a) and 679.312(4) (2000). It is clear from the undisputed facts that Textron perfected its purchase money security interest 43 days after delivery of the Lathe, not within 15 days as required under section Fla. Stat. § 679.312(4) (a purchase money security interest has priority only if it is perfected "at the time the debtor receives possession of the collateral or within 15 days thereafter"). Textron's only argument is that Alphatech did not become a "debtor" under section 679.312(4) until Alphatech signed the February 17, 1999, agreement with Textron. Therefore, according to Textron, the 15-day time period did not begin until February 17, 1999, when

4

Alphatech had both received the collateral <u>and</u> had become a debtor. This Court finds Textron's argument unpersuasive, and extremely susceptible to manipulation by debtors and creditors. Under Textron's reasoning, a purchase money security interest creditor could gain priority over a prior perfected security interest at any time after delivery of the collateral, so long as the financing was agreed to within the fifteen days prior to the filing of the UCC-1 financing statement.

The language of Fla. Stat. § 679.312(4) is clear. Alphatech was a debtor no later than December 31, 1998, when the Lathe was delivered to Alphatech from Method Machines on net thirty-day terms. Therefore, Textron had fifteen days from December 31, 1998, to properly perfect its purchase money security interest. Since Textron did not perfect until 43 days later on February 12, 1999, Textron did not gain priority over United's prior perfected security interest.

For the aforementioned reasons, the February 20, 2002, order of the district court is AFFIRMED.