PER CURIAM.
Diana Stevens appeals an order granting a motion to compel settlement. We affirm.
Stevens purchased a used 1997 Pontiac Grand Am from appellee American Import Car Sales d/b/a Jumbo Auto & Truck Sales. She sued Jumbo for deceptive trade practices, alleging that Jumbo had (1) concealed from her that the vehicle had undergone major repairs as a result of a prior accident, and (2) failed to disclose that the car was a salvage, rebuilt, or flood vehicle.
Stevens’s lawyer, Rebecca Covey, had represented Loretta Ramdial, a previous owner of the same Grand Am in a substantially similar lawsuit against Jumbo. Jumbo settled the lawsuit with Ramdial, accepted the Grand Am back into its inventory, and sold it to Stevens.
Stevens filed suit against Jumbo on March 1, 2001. In a letter dated March 15, 2002, Stevens proposed a “full and final settlement” with Jumbo for $35,000. On April 5, 2002, Jumbo’s counsel hand-delivered a letter to attorney Covey accepting the settlement offer. On April 10, 2002, Covey wrote to Jumbo’s lawyer withdrawing the March 15 offer of settlement and proposing a new offer of $150,000. The basis for Covey’s attempt to withdraw the settlement offer was that she had received a document during discovery from a third party which suggested that Jumbo had knowledge of the poor condition of the car at the time it first acquired it in 1997 or 1998. Arguably, this document strengthened the case against Jumbo.
*881 Having represented two clients regarding the Grand Am, Covey was well aware of the problems with the car at the time she made the March 15 settlement offer. In pleadings and in argument during the case, Covey had taken the position that Jumbo was not truthful in its protestations that it was unaware of the condition of the car before it was sold to Stevens. Covey extended the offer over a year after she had filed the case. By making an offer while some discovery was outstanding, Covey assumed the risk that documents would be unearthed that would support her claim. See BMW of N. Am., Inc. v. Krathen, 471 So.2d 585, 588 (Fla. 4th DCA 1985) (holding that lack of due care on the part of defendant’s counsel leading to unilateral mistake did not justify setting aside settlement agreement).
This case is very different from Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So.2d 306 (Fla.2000). In that case, after the parties settled the case, the plaintiffs discovered information which indicated that the defendant had intentionally concealed test results. Here, the document at issue is hardly the “smoking gun” involved in Mazzoni. Unlike the plaintiffs in Mazzoni, Stevens had reason to question the defendant’s position concerning what it knew about the Grand Am and in fact, was awaiting outstanding discovery directed to this issue.
AFFIRMED.
FARMER, C.J., GROSS and MAY, JJ„ concur.