944 So.2d 1202 (2006)
REBECCA J. COVEY, P.A., Appellant,
v.
AMERICAN IMPORT CAR SALES, d/b/a Jumbo Auto and Truck Sales, a Florida corporation, and SouthTrust Bank, N.A., a national association, Appellees.
No. 4D05-3311.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
Rebecca J. Covey of the Law Offices of Rebecca J. Covey, P.A., Fort Lauderdale, for appellant.
David W. Langley of David W. Langley, P.A., Plantation, for appellee SouthTrust Bank.
PER CURIAM.
Rebecca Covey of Rebecca J. Covey, P.A.[1] appeals the trial court's order granting a judgment lien on settlement funds in favor of SouthTrust Bank, N.A. and contends that she was entitled to disbursement of these funds based on a charging lien. We agree with Covey's contention and reverse.
Diana Stevens sought representation from Rebecca Covey of Rebecca J. Covey, P.A. regarding a defective vehicle. Stevens *1203 entered into a retainer agreement with Covey setting forth the terms and rates of representation.
Stevens, through Covey, then filed suit against American Import Car Sales, d/b/a Jumbo Auto and Truck Sales, and later (in a Second Amended Complaint), SouthTrust Bank, N.A. The suit involved the allegedly defective vehicle purchased from Jumbo and financed by SouthTrust. The claims against Jumbo were for Florida Deceptive and Unfair Trade Practices Act violations, fraud in the inducement, and conspiracy to defraud. The claims against SouthTrust were for conspiracy to defraud.
Subsequently, Covey, on behalf of Stevens, offered a settlement to Jumbo. The settlement amount was $35,000, including attorney's fees and costs amounting to $30,000. Jumbo's insurer authorized acceptance of the offer. Thereafter, the trial court granted Jumbo's Motion to Compel Settlement, requiring Stevens to execute release documents. The trial court's order compelling settlement was affirmed on appeal. See Stevens v. Am. Import Car Sales, 877 So.2d 880 (Fla. 4th DCA 2004).
SouthTrust was granted final summary judgment on Stevens's claims, but remained a party to the proceedings to prosecute its counterclaims. SouthTrust prevailed on its counterclaims in a final judgment. SouthTrust was awarded $4,012.59 in damages. In a separate final judgment, SouthTrust was awarded $18,155 in attorney's fees. These judgments were affirmed on appeal. See Stevens v. Southtrust Bank, N.A., 876 So.2d 1213 (Fla. 4th DCA 2004) (table).
Thereafter, SouthTrust filed a Motion to Impress Lien on Settlement Funds. The funds were being held by Jumbo's insurer, One Beacon Insurance, which was to be responsible for paying the settlement on behalf of Jumbo. SouthTrust sought to recover the funds to satisfy the final judgments entered against Stevens.
Stevens then filed a Motion for Disbursement of Interpleaded Funds. Covey sought the disbursement of the entire $35,000 settlement to her in satisfaction of the attorney's fees incurred by Stevens. Covey asserted that SouthTrust's interest in the money was secondary to her attorney's fees charging lien, because the judgments in favor of SouthTrust were obtained after the commencement of her services representing Stevens. Covey attached an affidavit of attorney's fees indicating that the attorney's fees incurred by Stevens at the time of the settlement were $49,000.
SouthTrust filed a response to Covey's motion for disbursement. SouthTrust asserted that Covey was not entitled to a charging lien because she did not produce a positive outcome for Stevens where she obtained $35,000 in settlement with Jumbo but incurred in excess of $50,000 in adverse judgments resulting from the claims against SouthTrust.
The trial court granted SouthTrust's motion to impress lien and ordered that the $35,000 settlement funds be deposited in the court registry. Covey then filed a notice of charging lien in the amount of $135,435.58.
Following a hearing, the trial court entered an Order Granting Lien on Funds in Court Registry. The trial court made the following findings:
1. SouthTrust Bank holds prior Judgments against Plaintiff, Diana Stevens, in the amounts of $4,021.59 for damages, dated June 3, 2002, and $18,155.00 for attorney's fees, dated June 3, 2002, which Judgments, with interest through May 3, 2005, total $27,988.86. The Court has further awarded on this date additional attorney's fees to SouthTrust *1204 Bank in the amount of $24,992.50, which brings its total claim against Diana Stevens to $52,981.36. The Court finds that said amount constitutes a valid and enforceable lien against the interpleaded funds in the amount of $35,000.00 presently held in the Court Registry. SouthTrust Bank's Motion to Impress Lien on Settlement Funds is granted as to that amount.
2. The Court further finds that Plaintiff's counsel did not properly perfect a charging lien against the interpleaded funds because the law of the State of Florida requires that there must be a positive result for the client in order for an attorney to impose a charging lien. Plaintiff's counsel did not create such a fund. The net result of the lawsuit brought by counsel was a net loss for the Plaintiff and the Plaintiff did not recover anything. The Court finds that there cannot be a lien where nothing was recovered on behalf of the Plaintiff.
This appeal involves the interaction between the charging lien sought by Covey and the judgment lien[2] obtained by SouthTrust. This Court has described charging liens as follows:
A charging lien is the right of an attorney to have the expenses and compensation due him for his services in a suit secured to him in the judgment, decree or award for his client. The lien attaches to the judgment but relates back and takes effect from the time of the commencement of the services.
Miles v. Katz, 405 So.2d 750, 752 (Fla. 4th DCA 1981); see also Cole v. Kehoe, 710 So.2d 705, 706 (Fla. 4th DCA 1998)(same). There are four requirements for a valid charging lien:
(1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice.
Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla.1986). It is uncontested that the first two elements necessary for a valid charging lien were established through the retainer agreement entered into between Stevens and Covey. The second two elements were not explored as issues in the trial court or on appeal.
On appeal, Covey contends that the trial court erred by impressing a judgment lien and finding it superior to her charging lien. Covey maintains that she had an enforceable charging lien against the settlement proceeds because the settlement constituted a positive recovery for Stevens. According to Covey, because she became entitled to her lien when Stevens signed the retainer agreement and SouthTrust's judgments were not obtained until later, the charging lien was superior and vested at the time of the settlement.
SouthTrust contends that the trial court did not err by impressing a judgment lien against the settlement proceeds and finding this lien superior to any supposed charging lien. The sole argument advanced by SouthTrust is that Covey did not have a valid charging lien because she did not obtain a positive result for Stevens. SouthTrust maintains that although Stevens was to receive settlement proceeds of $35,000 from Jumbo, the counterclaims against SouthTrust and related attorney's fees and interest resulted in an adverse judgment of approximately $52,000, resulting *1205 in an approximately $17,000 net loss to Stevens.
The parties cited several cases in support of their contentions, four of which are especially illustrative and instructive regarding the interaction between charging liens and judgment liens. The first case is Miles v. Katz, 405 So.2d 750 (Fla. 4th DCA 1981). In Miles, an attorney entered into a contingency fee agreement with a corporation regarding a mortgage foreclosure action. Id. at 751. A former employee then obtained a judgment against the corporation, after which the corporation was successful in the mortgage foreclosure action, resulting in a favorable judgment of $22,000. Id. The attorney claimed he held a charging lien against the proceeds of the judgment, but the trial court concluded that the employee's judgment was superior to the charging lien. Id. at 751, 752. This Court reversed and wrote:
The attorney fee lien has priority over judgments obtained against the client subsequent to the commencement of the attorney's services. It is only inferior to judgments entered prior to the commencement of the services. . . . This result allows the attorney who created the funds to be paid for his services.
Id. at 752.
The second case is Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88 (Fla. 3d DCA 1987). In Litman, a man obtained a money judgment in a breach of contract action through the efforts of a firm. Id. at 90. The man's brother, an attorney who claimed to have a contract to provide legal services in the contract action, asserted a right to the funds, and the man retained another firm to represent him in the case involving his brother. Id. The man succeeded in the action involving his brother, but refused to pay the firm that represented him in the action. Id. The firm sought the imposition of a charging lien, and the man contended that the firm was not entitled to a charging lien because it had merely preserved the positive result obtained by the firm which represented him in the contract action. Id. The Third District reviewed the status of the law and noted that: "It is not enough, however, to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services." Id. at 91-92. The court then concluded:
If, then, the attorney has obtained a favorable judgment or settlement for the client which results in what the law recognizes as proceeds, the attorney has merely to assert timely a claim of lien in the case to become entitled to a determination by the court, sitting without a jury, of the amount of attorney's fees due. Finally, we reject Bernard Litman's contention that Fine Jacobson merely preserved that which had been recovered by Podhurst Orseck. Bernard Litman was not entitled to the interpleaded funds, even though they originated from the initial breach of contract action, until Seymour Litman's claim of entitlement was favorably resolved through the efforts of Fine Jacobson. Thus, Fine Jacobson produced for Bernard Litman a second positive judgment, against which their charging lien can be enforced.
Id. at 93-94 (internal citations omitted).
The third case is Rochlin v. Cunningham, 739 So.2d 1215 (Fla. 4th DCA 1999). In Rochlin, an attorney agreed to represent a woman in a paternity action against the man believed to be the father of her child. Id. at 1216. After nine months, the woman dismissed the attorney and retained another attorney who proceeded to *1206 settle the action. Id. This change in attorneys resulted from a situation in which the man offered child support in excess of the guidelines and the attorney advised the woman to hold out for more, the relationship between the man and woman soured for purposes of settling the action, and a new attorney was hired and settled the case for the sum initially offered by the man. Id. at 1216-1217. This Court reflected on Litman's discussion of positive judgments and concluded that the original attorney was not entitled to a charging lien:
The fact that the final settlement agreement included some terms that were negotiated by appellant does not mean that she produced a positive judgment for Cunningham. The record shows that no settlement was reached while appellant represented Cunningham mainly because of the advice concerning the child support. Based on this record, we hold that the unresolved settlement agreement did not constitute a positive result as contemplated by Litman and Cole.

Id. at 1217.
The fourth and final case is Leiby Taylor Stearns Linkhorst & Roberts, P.A. v. Wedgewood Air Conditioning, Inc., 801 So.2d 127 (Fla. 4th DCA 2001). In Leiby Taylor, a company retained a law firm to represent it in a business dispute and subsequently retained Leiby Taylor as co-counsel. Id. at 128. The company entered into a settlement with one of the parties to the business dispute in the amount of $12,000 and both parties agreed to pay their own attorney's fees. Id. The settlement proceeds were paid into the original law firm's trust account, and Leiby Taylor filed a notice of charging lien against the settlement proceeds. Id. The original law firm then asserted a retaining lien against the settlement proceeds. Id. at 129. This Court concluded, based on Miles, that Leiby Taylor's charging lien related back to the date that it was retained as co-counsel and attached to the settlement proceeds because Leiby Taylor actively participated in the creation of the funds (so that the charging lien was superior to the original firm's passive retaining lien). Id. at 130.
Based on these cases, we reach the following conclusions. A charging lien attached (through relation back) at the time Stevens entered into the retainer agreement with Covey based on Leiby Taylor. She was never discharged as Stevens's attorney, so Rochlin is inapposite and the charging lien remained of full force and effect. Under Miles, this charging lien was superior to the judgment lien entered in favor of SouthTrust because SouthTrust did not obtain its judgments against Stevens until after Covey commenced her representation of Stevens. The existence and superiority of Covey's charging lien is not altered by the fact that although she obtained a positive recovery through settlement with Jumbo she also exposed Stevens to a negative judgment resulting from SouthTrust's counterclaims. As demonstrated in Litman, there can be multiple, separate recoveries, and an attorney is entitled to attorney's fees for any positive recovery which the attorney produced through her legal services. As such, Covey asserted an enforceable charging lien against the settlement proceeds which were the fruits of her legal efforts, and the trial court erred by granting a judgment lien to SouthTrust where the judgments were entered after the commencement of Covey's services and attachment of the charging lien.
In sum, we conclude that the trial court erred by granting SouthTrust's motion for a judgment lien on the settlement funds. Covey possessed a valid and superior *1207 charging lien that attached prior to the entry of SouthTrust's judgments, because she obtained a positive recovery for Stevens through the settlement with Jumbo regardless of the negative results of the separate judgments in favor of SouthTrust. We reverse and remand for further proceedings consistent with this opinion.
Reversed and Remanded.
GUNTHER, J., and DAMOORGIAN, DORIAN K., Associate Judge, concur.
FARMER, J., concurs specially with opinion.
FARMER, J., concurring specially.
In my opinion, this attorney's charging lien is superior to the claimed judgment lien of SouthTrust on the client's recovery for the same reason that a purchase money security interest would be superior to a pre-existing judgment lien attaching eo instante to the buyer's acquisition of goods. See § 679.1031(1)(b), Fla. Stat. (2006) ("`Purchase-money obligation' means an obligation of an obligor incurred as . . . value given to enable the debtor to acquire rights in . . . the collateral. . . ."), and § 679.324(1), Fla. Stat. (2006) ("a perfected purchase-money security interest in goods . . . has priority over a conflicting security interest in the same goods"); cf. In re Alphatech Systems Inc., 317 F.3d 1267 (11th Cir.2003) (because creditor failed to properly perfect its purchase money security interest within 15 days of the delivery date, it did not gain priority over another creditor's prior perfected security interest).
This is not a temporalfirst-in-line-first-in-rightthing. It is founded on the simple fact that without the labor of the lawyer there would be no settlement proceeds to which the Bank's judgment lien could have attached. The fact that the client must use his share of the recovery to satisfy his debt to the Bank may weaken the client's claim to be the prevailing party for purposes of recovering attorney's fees from the Bank. Yet it has absolutely no effect on the client's obligation to pay his own lawyer for effecting the recovery in the first place. On that basis I concur in the reversal.
NOTES
[1] Covey's client, Diana Stevens, passed away during the pendency of this appeal. This Court granted Covey's motion to substitute Rebecca J. Covey, P.A. for Stevens in this appeal in order to contest the trial court order impacting the recovery of attorney's fees.
[2] "A judgment lien . . . is a[g]eneral lien which attaches to [a]ny property currently owned or subsequently acquired by the judgment debtor." County of Pinellas v. Clearwater Fed. Sav. & Loan Ass'n, 214 So.2d 525, 527 (Fla. 2d DCA 1968).