DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER N. LINK, P.A.,**
Appellant,

v.

**ANU RUT** and **TOMASZ RUT,**
Appellees.

No. 4D12-4320

[May 20, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ronald J. Rothschild, Judge; L.T. Case No. 06-15685FMCE.

Christopher N. Link, P.A., Plantation, for appellant.

Robert J. Moraitis and Peter M. Raimondi of Robert J. Moraitis, P.A., Fort Lauderdale, for appellee, Tomasz Rut.

MAY, J.

A law firm appeals an order that adversely determined the priority of its charging lien against an indemnification agreement in a final judgment of dissolution. The law firm argues the court erred in placing its charging lien behind the former husband's right to indemnification for attorney's fees against the former wife, pursuant to an agreement.[1] We disagree and affirm.

After the former husband petitioned for dissolution of marriage, and the former wife answered and counter-petitioned, the former spouses voluntarily dismissed the dissolution proceeding and entered into an agreement. That agreement provided a right of indemnification to either spouse for attorney's fees should one of them prevail in a challenge to the agreement. Alas, the reconciliation failed, and the proceedings began anew.

---

[1] The agreement was titled "Mediated Post-Nuptial Agreement," but will be referred to as the "agreement."

The former husband moved to reopen his petition and filed a new verified petition for dissolution of marriage. The former husband sought to enforce the agreement, including the right to indemnification for attorney's fees.

The trial court entered an order substituting the law firm for the former wife's prior attorney.[2] Through the new law firm, the former wife filed her amended counter-petition, and attached the agreement. She then filed a second amended counter-petition, requesting the court to set aside the agreement.

The law firm began filing a series of motions to withdraw and to impose charging and retaining liens. After a hearing, the trial court upheld the parties' agreement. The law firm then filed another motion to withdraw and impose charging and retaining liens, and a motion to establish the amount, enforce, and foreclose its charging and retaining liens.

The trial court rendered the final judgment of dissolution, but deferred ruling on the law firm's motion to establish the amount, enforce, and foreclose upon its charging and retaining liens. The trial court found the agreement valid and enforceable and awarded the former wife "all relief she [was] entitled to thereunder." It also found that the former "[h]usband [was] entitled to a set off . . . as a result of his Motions for Attorneys [sic] Fees and Costs."

The trial court awarded the former husband $207,371.25 in attorney's fees. The court heard the law firm's motion to establish the amount, enforce, and foreclose its charging and retaining liens. This resulted in an order on the law firm's motion and a final judgment against the former wife in favor of the law firm. Both the order and judgment contained the following language:

> With regard to the priority of [the law firm's] lien and/or lien rights compared to the Former Husband's right to indemnification and hold harmless from the Former Wife as set forth in the parties' . . . Agreement dated March 27, 2007, the Court finds that Former Husband's lien and claims arising out of the Agreement are superior in time and first in right to those of [the law firm]. The terms of the parties' . . . Agreement were in place at the time [the law firm] was retained by the Former Wife.

---

[2] The former wife's first attorney filed his notice of charging lien. The trial court entered an agreed order for the first attorney's charging lien.

The law firm appeals the order determining the priority of its lien. It argues its lien had priority because it was a charging lien, relating back to the signing of the retainer agreement, which predated the final judgment of dissolution. The former husband responds that his right to indemnification is superior in time and right to the law firm's charging lien because it was established under the agreement, which predated the law firm's retainer agreement.

We review the trial court's order and judgment for an abuse of discretion. *See Ginsberg v. Keehn*, 550 So. 2d 1145, 1148 (Fla. 3d DCA 1989).

"The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit.'" *Rudd v. Rudd*, 960 So. 2d 885, 887 (Fla. 4th DCA 2007) (quoting *Cole v. Kehoe*, 710 So. 2d 705, 706 (Fla. 4th DCA 1998)). "Equity came into existence as a means of granting justice in cases wherein the law by its rigid principles was deficient. It has been truly called a court of conscience. It should not be shackled by rigid rules of procedure and thereby preclude justice being administered according to good conscience." *Degge v. First State Bank of Eustis*, 199 So. 564, 565 (Fla. 1941).

Here, the agreement was first in time, and provided:

> 26. **ATTORNEY'S FEES:** Should either party fail to abide by the terms of this Agreement, then *the defaulting party will indemnify and hold the other harmless for all reasonable expenses and costs, including attorney's fees and disbursements incurred*, regardless of whether or not an action in court is filed, *in successfully enforcing this Agreement or asserting or defending his or her rights hereunder as against the other party* or third parties at the trial level and through all appeals as may be applicable.
>
> 26.1 In the event that either party, at any time, challenges the validity of this Agreement or seeks enforcement of it, then the *prevailing party in any such proceeding shall be entitled to recover all of their costs and expenses, regardless of whether or not they are deemed "taxable" costs as well as all attorney's fees, including appellate fees incurred by them from the non-prevailing party.*

(Emphasis added).

The former husband and former wife entered into the agreement on March 27, 2007. The law firm began representing the former wife approximately eighteen months later in September 2008. Beginning fourteen months later, the law firm filed a series of motions to withdraw and to impose charging and retaining liens. On August 24, 2012, the trial court awarded the former husband $207,371.25 in attorney's fees, pursuant to the agreement. On November 26, 2012, the trial court awarded the law firm a charging lien for $113,011.76 against the former wife.

The law firm undertook representation of the former wife subject to the terms of the one-and-a-half-year-old agreement, which included the indemnification language in paragraphs 26 and 26.1. It knew of the indemnification provisions because the agreement was the apex of the parties' dispute. In fact, it was the law firm who challenged the agreement on the former wife's behalf, and lost.

A charging lien is an equitable right. *See Rudd*, 960 So. 2d at 887. It would be inequitable to give priority to a charging lien that became effective a year and a half after the agreement, and arose out of efforts to attack the very agreement upon which the former husband's right to indemnification arose. Although the former husband was awarded indemnification for his attorney's fees after the date of the law firm's retainer agreement with the former wife, the former husband's right to indemnification arose prior to the entry of the retainer agreement. The court did not abuse its discretion in finding the former husband's claim "superior in time and first in right to those of" the law firm.

The rationale underlying the priority of a charging lien cannot equitably apply here. In *Miles v. Katz*, 405 So. 2d 750 (Fla. 4th DCA 1981), this Court stated:

> The attorney fee lien has priority over judgments obtained against the client subsequent to the commencement of the attorney's services. It is only inferior to judgments entered prior to the commencement of the services. . . . This result allows the attorney who created the funds to be paid for his services.

*Id.* at 752. A law firm should not be able to benefit from a charging lien that seeks to undermine an indemnification agreement that predates the retainer agreement.

The cases cited by the law firm are distinguishable. *See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1384–86 (Fla. 1983) (holding that an attorney was entitled to enforcement of his charging lien, but not in the context of a priority dispute); *Shawzin v. Donald J. Sasser, P.A.*, 658 So. 2d 1148, 1150–51 (Fla. 4th DCA 1995) (holding that the trial court did not err in granting the law firm a charging lien where the requirements were met, even after the appellee withdrew from representation before a marital settlement, but not in the context of a priority dispute); *Miles*, 405 So. 2d at 750 (holding "that a charging lien is superior to a judgment lien obtained after commencement of an attorney's services").

We acknowledge the dissent, but disagree with its suggestion that our decision conflicts with *Rebecca J. Covey, P.A. v. American Import Car Sales*, 944 So. 2d 1202, 1206 (Fla. 4th DCA 2006). There, it is true that we gave priority to an attorney's charging lien over a subsequent judgment lien. But, this case contains some important factual distinctions leading to a different result.

First, the law firm actually lost its challenge to the agreement in this case. Second, the law firm failed to create a positive recovery from which it was entitled to priority of its lien. Third, the law firm moved to withdraw multiple times, long before the court ruled on its challenge to the agreement. *See Rochlin v. Cunningham*, 739 So. 2d 1215, 1216–18 (Fla. 4th DCA 1999).

Here, equity does not support the law firm's request for priority of its lien over the opposing party's judgment. *Covey* is factually distinguishable. Our decision does not conflict.

Nevertheless, we limit the prioritization to the unique facts before us. Were we to decide otherwise, it would encourage lawyers to challenge marital settlement agreements containing indemnification rights to prevailing party attorney's fees with impunity, knowing that even if they lose, their charging lien would take priority over the agreement they challenged. This would defeat the very equity that liens were designed to protect. We therefore affirm.

*Affirmed.*

GERBER, J., concurs.
WARNER, J., dissents with opinion.

5

WARNER, J., dissenting.

I would reverse based upon *Rebecca J. Covey, P.A. v. American Import Car Sales*, 944 So. 2d 1202, 1206 (Fla. 4th DCA 2006), where we held that an attorney's charging lien takes priority over a subsequent judgment lien for prevailing party attorney's fees. In *Covey*, the judgment creditor was the bank which loaned money for the purchase of a car. The purchaser later filed suit based upon various theories of fraud and unfair and deceptive trade practices, claiming the vehicle was defective. She joined the bank, which later counterclaimed, suing for a deficiency after the sale of the vehicle. It sought attorney's fees based upon a prevailing party provision in the loan agreements, mentioned in the concurring opinion. Although the trial court gave priority to the judgment creditor, our court reversed, concluding that the charging lien took priority. Thus, *Covey* is in direct conflict with the majority opinion.

The majority distinguishes *Covey* on matters which did not affect the trial court's ruling. In essence, the majority suggests that the facts of this case, unlike *Covey*, show that Link was not entitled to a charging lien, because he did not make any recovery for the wife and withdrew. Even if the facts supported that view, the trial court had already ruled several years earlier that Link was entitled to a charging lien and did not change its ruling when determining priority of the liens. Thus, the court did not grant priority on the basis that Link was not entitled to a charging lien.

The majority holds that a prevailing party attorney's fees provision in a contract can create priority over a charging lien for representation commenced after the contract is made, even though a determination of who is the prevailing party cannot be made until the merits of the controversy is decided. I can find no authority to give such priority to a judgment lien based upon the date of the execution of a contract on which the judgment is based, rather than the date when the judgment was obtained. Although this is a post-nuptial settlement agreement in marital proceedings, prevailing party attorney's fees have been held valid in such contracts based upon ordinary contract principles. *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1160 (Fla. 2005). There is no policy reason to provide for an exception to the general rule of priority in this type of contract over any other type which has a prevailing party attorney's fees provision.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6