WARNER, J.,
dissenting.
I would reverse based upon Rebecca J. Covey, P.A. v. American Import Car Sales, 944 So.2d 1202, 1206 (Fla. 4th DCA 2006), where we held that an attorney’s charging lien takes priority over a subsequent judgment lien for prevailing party attorney’s fees. In Covey, the judgment creditor was the bank which loaned money for the purchase of a car. The purchaser later filed suit based upon various theories of fraud and unfair and deceptive trade practices, claiming the vehicle was defective. She joined the bank, which later counterclaimed, suing for a deficiency after the sale of the vehicle. It sought attorney’s fees based upon a prevailing party provision in the loan agreements, mentioned in the concurring opinion. Although the trial court gave priority to the judgment creditor, our court reversed, concluding that the charging lien took priority. Thus, Covey is in direct conflict with the majority opinion.
The majority distinguishes Covey on matters which did not affect the trial court’s ruling. In essence, the majority suggests that the facts of this case, unlike Covey, show that Link was not entitled to a charging lien, because he did not make any recovery for the wife and withdrew. Even if the facts supported that view, the trial court had already ruled several years earlier that Link was entitled to a charging lien and did not change its ruling when determining' priority of the liens. Thus, the court did not grant priority on the basis that Link was not entitled to a charging lien.
The majority holds that a prevailing party attorney’s fees provision in a contract can create priority over a charging lien for representation commenced after the contract is made, even though a determination of who is the prevailing party cannot be made until the merits of the controversy is decided. I can find no authority to give such priority to a judgment lien based upon the date of the execution of a contract on which the judgment is based, rather than the date when the judgment was obtained. Although this is a post-nuptial settlement agreement in marital proceedings, prevailing party attorney’s fees have been held valid in such contracts based upon ordinary contract principles. Lashkajani v. Lashkajani, 911 So.2d 1154, 1160 (Fla.2005). There is no policy reason to provide -for an exception to the general rule of priority in this type of contract over any other type which has a prevailing party attorney’s fees provision.