Per Curiam.
After a final judgment was entered in a dissolution of marriage case, the law firm for the husband moved for a charging lien, pursuant to a representation agreement between the law firm and the husband. The trial court denied the motion. We agree this was error and we reverse.
The amended final judgment of dissolution of marriage provided for the equitable distribution of marital assets; the husband was awarded a share of the marital assets. The trial court’s order denying the law firm’s motion for a charging lien contained the following reasoning:
It would appear that [the husband] would normally be entitled to an equal division of the contested financial assets pursuant to the equitable distribution statute. There is not enough evidence to indicate that the wife would have been awarded more than fifty percent of these items but for the representation of [the law firm]. Therefore, the two financial items cannot be considered as “tangible fruits of the services of the law firm.” As such, a charging lien[ ] is not permitted to attach to the husband’s share of the Roth IRA, and the JP Morgan Pension Account.
“We review trial court orders on attorney’s fees for an abuse of discretion. We have de novo review however of the trial court’s interpretation of law.” Robin Roshkind, P.A. v. Machiela, 45 So.3d 480, 481 (Fla. 4th DCA 2010) (internal citation omitted).
“The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit. It serves to protect the rights of- the attorney.” Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla. 1983). There are four requirements for a charging lien: “(1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney’s fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice.” Rebecca J. Covey, P.A. v. Am. Car Import Car Sales, 944 So.2d 1202, 1204 (Fla. 4th DCA 2006) (quoting Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla. 1986)). Further, “[i]t is not enough to support the imposition of a charging lien that an attorney has provided his services; the services, must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services.” Rudd v. Rudd, 960 So.2d 885, 887 (Fla. 4th DCA 2007) (quoting Mitchell v. Coleman, 868 So.2d 639, 641 (Fla. 2d DCA 2004)). Where all of the requirements of a charging lien have been alleged and proved, a charging lien may be pursued in a dissolution action. Dyer v. Dyer, 438 So.2d 954, 955 (Fla. 4th DCA 1983).
Here, there was a written legal representation agreement providing for a charging lien and the husband was awarded a share of marital assets. The trial court’s justification for denying the law *700 firm’s charging lien has no basis in well-established case law. In fact, our courts recognize that a charging lien may attach to assets awarded in equitable distribution. See Walia v. Hodgson Russ LLP, 28 So.3d 987, 989 (Fla. 4th DCA 2010); Rudd, 960 So.2d at 887; Mitchell, 868 So.2d at 641. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded for proceedings consistent with this opinion.

Ciklin, C.J., Damoorgian and Gerber, JJ., concur.