DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CIKLIN LUBITZ,**
Appellant,

v.

**MICHELE T. SCHENDEN** a/k/a **MICHELE TAMACCIO,**
**TIMOTHY SCHENDEN,** and **MICHELE TAMACCIO SCHENDEN**
**REVOCABLE TRUST,** dated December 7, 2012 Co-Trustees
**MICHELE T. SCHENDEN** and **TIMOTHY SCHENDEN,**
Appellees.

No. 4D19-2420

[December 2, 2020]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502017DR008937XXXXSBFX.

John D. Boykin of Ciklin Lubitz, West Palm Beach, for appellant.

Joel M. Weissman and Sarah A. Vitulli of Joel M. Weissman, P.A., West Palm Beach, for appellee Michele T. Schenden a/k/a Michele Tamaccio.

KUNTZ, J.

A law firm appeals the circuit court's final order denying its motion to adjudicate a charging lien against a former client in the client's marital dissolution action. The client cross-appeals the circuit court's denial of her entitlement to attorney's fees in the same order.

The circuit court correctly denied the law firm's motion to impose a charging lien. To impose a charging lien, four requirements must be satisfied: "(1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice." *Menz & Battista, PL v. Ramos*, 214 So. 3d 698, 699 (Fla. 4th DCA 2017) (quoting *Rebecca J. Covey, P.A. v. Am. Car Import Car Sales*, 944 So. 2d 1202, 1204 (Fla. 4th DCA 2006)).

But the law firm must not only provide services; it must provide services resulting in "a positive judgment or settlement for the client." *Id.* (quoting *Rudd v. Rudd*, 960 So. 2d 885, 887 (Fla. 4th DCA 2007)). Here, the law firm represented the client for only five months on limited jurisdictional issues. During the course of representation, the law firm did not obtain any settlements or financial relief for the client. The circuit court correctly concluded the law firm's services did not produce a positive result for the client.

On the cross-appeal, we reverse the court's denial of attorney's fees to the client. The parties' representation agreement allowed the law firm to recover attorney's fees incurred in litigating to collect unpaid sums under the agreement. Under the reciprocity provision in section 57.105(7), Florida Statutes (2019), the client had a right to recover her attorney's fees for prevailing in defending against the charging lien. *See, e.g., Rochlin v. Cunningham*, 739 So. 2d 1215, 1218 (Fla. 4th DCA 1999).

We affirm the circuit court's denial of the law firm's motion to impose a charging lien. But we reverse the court's denial of reciprocal attorney's fees to the client for prevailing in that fee dispute.

*Affirmed in part and reversed in part.*

GROSS and MAY, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**