450 So.2d 850 (1984)
Charlotte I. GAMBLE, As Guardian of the Property of Cynthia Leigh Gamble, Appellant/Cross-Appellee,
v.
Ted L. WELLS, Appellee/Cross-Appellant.
No. 63768.
Supreme Court of Florida.
May 17, 1984.
*851 Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, Tampa, for appellant/cross-appellee.
Howard C. Hadden, Tampa, for appellee/cross-appellant.
Hamilton D. Upchurch, Chairman, Committee on Judiciary, and Richard A. Hixson, Staff Counsel, Tallahassee, for H. Lee Moffitt, Speaker of the Florida House of Representatives, amicus curiae.
ALDERMAN, Chief Justice.
Charlotte Gamble, as guardian of the property of Cynthia Gamble, appeals and Ted Wells cross-appeals the decision of the District Court of Appeal, Second District, in Gamble v. Wells, 436 So.2d 173 (Fla. 2d DCA 1983). The Second District declared invalid the portion of chapter 80-448, Laws of Florida, which placed a $10,000 limitation on the attorney's fee for Cynthia Gamble's attorney. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
We reverse the district court and hold that the attorney's fee limitation in chapter 80-448 is a constitutionally permissible exercise of legislative authority and does not constitute an impairment of contractual obligations proscribed by article I, section 10 of the Florida Constitution.[1]
The facts are stated at length in the district court's decision. Briefly the pertinent facts are that commencing in 1967, while in the custody of the State Department of Public Welfare, now known as the Department of Health and Rehabilitative Services, due to the negligence of the department, Cynthia Gamble sustained crippling and disfiguring injuries. In 1975, Charlotte Gamble, who had been granted legal custody of Cynthia, contacted Ted Wells, a personal injury trial lawyer, and told him that the child had been abused and injured while in the previous legal custody of HRS. She signed a standard contingent fee contract giving Wells authority to represent Cynthia. This contract provided, among other things, that as compensation for his services Wells would be paid 33 1/3 *852 percent of the proceeds of recovery if the matter was settled without suit, 40 percent if suit was filed, and 50 percent if an appeal was taken from the lower court.
In 1977 Wells decided that the only possible means available for recovery would be a private relief act. He represented Cynthia before the legislature during the deliberations over the claims bill. In 1980, the legislature enacted chapter 80-448, Laws of Florida.[2] Section 3 of this act specifically limits the attorney's fee to Cynthia's counsel to $10,000.
Wells advised Gamble that he would not accept only $10,000 and that he believed the fee limitation to be unconstitutional. Gamble refused to pay Wells more than $10,000.
Wells then filed in probate court for attorney's fees, under the terms of the contingent fee contract for costs and for a charging lien. The probate court awarded Wells attorney's fees of $50,000 pursuant to the contingent fee contract clause which provided for a fee of 33 1/3 percent in the event the case was settled without suit, allowed $710.24 in costs, impressed a charging lien, and denied prejudgment interest. Declining to hold the attorney's fee limitation of the act unconstitutional, the probate court held that this language of chapter 80-448 was mere surplusage.
Upon appeal, the district court held that the attorney's fee limitation amounted to an unconstitutional impairment of a contractual obligation but that this limitation was severable from the remainder of the private relief act. It further determined, however, that Wells waived his contractual rights during his conversation with Representative Upchurch to a qualified extent by holding out for 25 percent of whatever amount the legislature awarded the child. Accordingly, the Second District directed the trial court to reduce the fee award to $37,500, without prejudgment interest.
We disagree and hold that no contract rights were impaired by section 3 of chapter 80-448. By enacting chapter 80-448, the legislature found that a moral *853 obligation existed on its part to redress the physical and emotional injuries of Cynthia Gamble sustained as a result of the negligence of a state agency. This voluntary recognition of its moral obligation by the legislature in this instance was based on its view of justice and fair treatment of one who had suffered at the hands of the state but who was legally remediless to seek damages. Chapter 80-448 is an act of grace to redress a wrong suffered by Cynthia at the hands of the state which is not otherwise legally compensable. In seeking to obtain relief for Cynthia by means of a private relief act, Ted Wells was not in a position to demand that the legislature grant compensation to Cynthia. He could only request that the legislature grant the compensation sought. The legislature then, as a matter of grace, could allow compensation, decide the amount of compensation, and determine the conditions, if any, to be placed on the appropriation.
Parties cannot enter into a contract to bind the state in the exercise of its sovereign power. The legislature had the power to place the attorney's fee limitation in chapter 80-448. Wells, by the terms of his contingent fee contract with Gamble, could not deprive the legislature of this power. The legislature was in no way bound to pass legislation conforming with the provisions of the prior contingent fee contract.
Accordingly, we hold that chapter 80-448 is constitutional and reverse the decision of the district court. We remand with directions that the fee award be reduced to $10,000.
It is so ordered.
BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
SHAW, J., concurs in result only.
NOTES
[1] Gamble, in her brief, also contended that she was entitled to trial by jury as a matter of right. We need not resolve that issue since Gamble's counsel at oral argument advised the Court that, if he prevailed on the first issue and the legislative limitation was upheld, he had no problem with the amount set by the legislature.
[2] An act for the relief of Cynthia Leigh Gamble, a minor, providing an appropriation to compensate her for personal injuries due to the negligence of the Department of Health and Rehabilitative Services; providing an effective date.

WHEREAS, on May 24, 1967, Cynthia Leigh Gamble, then 3 months old, was taken into the custody of the juvenile court of Hillsborough County and because she had no living parent was placed in the custody of the State Department of Public Welfare, and
WHEREAS, on August 6, 1967, Cynthia Gamble was admitted to Tampa General Hospital where it was discovered that she had several injuries, and
WHEREAS, on July 29, 1969, while still in the custody of the department, Cynthia Gamble was readmitted to the hospital suffering from a variety of illnesses and injuries, and
WHEREAS, on August 4, 1969, it was concluded that the child's skeletal deficiencies and changes were the result of vitamin deficiency and trauma, and
WHEREAS, the child was placed in the home of a new foster mother and has since received adequate medical care at the Crippled Children's Clinic to overcome the crippling and disfiguring injuries carelessly and negligently inflicted upon her while she was in the custody of the now Department of Health and Rehabilitative Services, and
WHEREAS, due to the negligence of the department, Cynthia Gamble has required plastic surgery and orthopedic operations and remains crippled and disfigured, NOW, THEREFORE,
Be It Enacted by the Legislature of the State of Florida:
Section 1. The facts stated in the preamble of this act are found and declared to be true.
Section 2. The sum of $150,000 is appropriated from funds in the State Treasury to the credit of the Department of Health and Rehabilitative Services, not otherwise appropriated, to compensate Cynthia Leigh Gamble for personal injuries.
Section 3. The Comptroller is directed to draw his warrant in favor of Cynthia Leigh Gamble to be applied to a trust fund to be administered and accounted for by her legal guardian in the sum of $150,000 upon funds in the State Treasury to the credit of the Department of Health and Rehabilitative Services, and the State Treasurer is directed to pay the same out of such funds in the State Treasury not otherwise appropriated. The attorney's fee for counsel of Cynthia Leigh Gamble shall be limited to $10,000.
Section 4. This act shall take effect July 1, 1980.
Approved by the Governor July 2, 1980.
Filed in Office Secretary of State July 3, 1980.