PER CURIAM.
In these consolidated appeals Patsy Yav-itz and Sheldon Yavitz appeal an order granting relief from judgment under Rule 1.540(b), Florida Rules of Civil Procedure, and a final judgment which awarded attorney’s fees to Patsy Yavitz’ former counsel, the law firm of Martinez, Charlip, Delgado and Befeler, and established charging and retaining liens in the law firm’s favor. We affirm in part and reverse in part.
Patsy Yavitz engaged the Martinez law firm to represent her in a divorce action against her husband, Sheldon Yavitz. On the day of the final hearing the wife discharged the Martinez law firm and failed to appear at the final hearing. The trial court ordered that the action be dismissed.[1] The written order of dismissal did not reserve jurisdiction for any purpose.
The next day the law firm filed a motion to withdraw and for retaining and charging lien. After hearing the motion the court entered an order correcting the previous order of dismissal, under authority of Rule 1.540(b), Florida Rules of Civil Procedure. The Rule 1.540 order stated in substance that the court had intended to enter a reservation of jurisdiction at the time of the dismissal of the action and had so stated, but had failed through oversight to include a reservation of jurisdiction in the order of dismissal. Pursuant to Rule 1.540, the court modified the order of dismissal to include the reservation of jurisdiction. The court then entered a final judgment which awarded attorney’s fees to the law firm and established charging and retaining liens in its favor. The husband and wife have each appealed.
*105 The husband and wife first contend that the trial court lost jurisdiction with the entry of the order of dismissal and that the final judgment must therefore be vacated. We disagree. Rule 1.540(b) authorizes relief from judgment where a mistake has been made. E.F. Hutton v. Sussman, 504 So.2d 1372, 1373-74 (Fla. 3d DCA 1987). The trial judge stated both in the Rule 1.540 order and on the record that there had been a discussion of reservation of jurisdiction and that through an oversight no appropriate reservation of jurisdiction was included in the order of dismissal. That being so, the order under Rule 1.540 was properly entered.
The husband and wife next contend that the order granting relief from judgment was broader than was justified under the circumstances, because it specifically included a reservation of jurisdiction for purposes of reducing to final judgment a previously entered interim award of attorney’s fees and costs against the husband. The husband and wife argue that the law firm’s motion had only requested the imposition of charging and retaining liens, and that the retention of jurisdiction with respect to the interim award of attorney’s fees must necessarily have been added as an afterthought. Again, we disagree. The trial court has indicated what its intentions were with respect to the retention of jurisdiction. The critical inquiry is not the form of the law firm’s motion, but rather the scope of the retention of jurisdiction the trial judge intended to enter but inadvertently failed to do. The trial judge has stated his position in the matter and on that basis properly applied the .law. The order under Rule 1.540 is affirmed.
Turning to the final judgment, the husband contends that the trial court should not have entered a final judgment against him with respect to the interim award of attorney’s fees, because he had not been served with any motion requesting that relief. The request was instead made ore tenus at a hearing requesting the imposition of a charging and retaining lien with respect to the wife. The husband is correct. The husband is entitled to notice and an opportunity to be heard. See, e.g., Christie v. Casaday, 486 So.2d 622 (Fla. 5th DCA 1986). The final judgment against the husband is reversed, but without prejudice to the filing of a motion and scheduling of a hearing on proper notice to the husband. See generally Edward F Gerace, P.A. v. Hayden, 550 So.2d 1143, 1144 (Fla. 3d DCA 1989).
The wife challenges the amount of the retaining lien entered against her, contending that the amount of the lien exceeds the amount held by the Martinez firm. To the contrary, the amount of the retaining lien is within the amount in the custody of counsel. See Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 90 n. 2 (Fla. 3d DCA 1987), review denied, 525 So.2d 879 (Fla.1988). The judgment is affirmed with respect to the retaining lien.
We reach a different conclusion with regard to the charging lien. This court has held that “An attorney’s lien, or charging lien on funds recovered for a client through the attorney’s services may issue only if there is a client-attorney relationship and the attorney has, in fact, recovered proceeds for his client. The lien may not issue if no proceeds have been recovered.” Pasin v. Kroo, 412 So.2d 43, 44 (Fla. 3d DCA 1982) (citation omitted); see Litman, 517 So.2d at 91-93; Kucera v. Kucera, 330 So.2d 38, 38-39 (Fla. 4th DCA 1976). In the present case the trial court simply entered a charging lien for the full amount of the attorney’s fees and costs owed by the wife to the law firm, and imposed the lien against the “assets, estate and property” of the wife. In so doing, the court erred. First, under any view of the record the amount of the charging lien exceeds any amount that could be considered proceeds.[2] The final judgment must be reversed with respect to the charging lien and the cause remanded for a *106 determination whether the law firm is entitled to a charging lien, and if so, in what amount. Second, should a charging lien be imposed, the lien is against the proceeds of the judgment, not against the wife’s personal assets.
Affirmed in part, reversed in part, and remanded.

. In later correspondence with the trial court, the wife indicated that she did not wish to proceed with the action.

. We express no view on whether the amount held in the firm's trust account could be considered proceeds.