710 So.2d 705 (1998)
Phyllis COLE, f/k/a Phyllis Kehoe, Appellant,
v.
Charles KEHOE, Jr., a/k/a Charles F. Kehoe, Appellee.
No. 97-2186.
District Court of Appeal of Florida, Fourth District.
May 6, 1998.
*706 Steven L. Perry of Steven L. Perry, P.A., Stuart, for appellant.
Michael Bakst and Robert J. Elder III of Ackerman, Bakst & Cloyd, P.A., West Palm Beach, for appellee.
STEVENSON, Judge.
The wife in this divorce proceeding appeals an order imposing an attorney's charging lien in favor of her former attorney, Jack Ackerman, upon her "undivided interest ... in any and all real property, tangible and intangible personal property, and any and all other assets that are presently, or shall become" her property. The appellant contends that the scope of the lien is too broad in that it encompasses property outside the subject litigation and secures attorney's fees incurred by Ackerman to enforce the lien. We agree on both counts.
"The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla.1983). By definition, an attorney's charging hen cannot attach to property not involved in the suit and not before the court. Here, the appealed order does not limit itself to property put before the court by virtue of the dissolution action and even purports to allow a lien upon property that the wife did not own at the time of the suit and the rendition of the attorney's services. Neither category of property is properly the subject of an attorney's charging lien. See Franklin & Marbin, P.A. v. Mascola, 23 Fla. L. Weekly D744, D746, ___ So.2d ___ (Fla. 4th DCA March 18, 1998) (stating that charging hen could not attach where no money or identifiable property was recovered in the subject litigation); Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 92 (Fla. 3d DCA 1987) ("[T]he services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services.").
For the same reasons, the charging lien may not be used to secure fees incurred by the wife's former attorney in enforcing his lien. The actions of the attorneys hired to enforce the lien did nothing to contribute to the dissolution action and the resulting "fruits" reaped by the wife. In fact, it can fairly be said that the proceeding to enforce the charging lien was adverse to the wife's interests.
Accordingly, although we affirm the order to the extent that it imposes a charging lien, we remand and instruct the trial court to eliminate from the lien the $1,080 charged by Ackerman's lawyers for their enforcement efforts and to modify the order to reflect that the lien is only upon those items of property before the court in the dissolution action.
AFFIRMED IN PART and REMANDED.
POLEN and SHAHOOD, JJ., concur.