WOLF, J.,
dissenting.
Appellant concedes that, in light of Gamble v. Wells, 450 So.2d 850 (Fla.1984), the legislature had the discretion in the claims bill to order the City of Tampa to repay the Agency for Health Care Administration (AHCA) for medical payments made as a result of the city’s negligence. The only issue, therefore, is whether the legislature intended for AHCA to be reimbursed despite the agency’s full release of all claims it might have arising out of the accident in question.
The claims bill at issue was passed after AHCA’s full release had been signed by one of its authorized agents. The bill stated in pertinent part: “The governmental entity responsible for payment of the warrant shall make payment to the Florida Agency for Health Care Administration the amount due under section 409.910 Florida Statutes, prior to the disbursement of funds to the claimant_” Ch. 98-444, § 3, at 25, Laws of Fla. Appellant argues there was no amount due at the time of passage of the claims bill as a result of the release signed by AHCA. This argument might be persuasive had the claims bill been silent as to the definition of the term “amount due.” The claims bill, however, specifically defined “amount due” as follows: “The amount due to the agency shall be calculated based on medical payments paid up to the date that this bill becomes law.” Id. I believe this definition is clear and unambiguous. I would affirm the decision of the trial court.