868 So.2d 639 (2004)
Franz Edward MITCHELL, Appellant/Cross-Appellee,
v.
Jeanne L. COLEMAN, Appellee/Cross-Appellant.
No. 2D02-869.
District Court of Appeal of Florida, Second District.
March 17, 2004.
*640 Franz Edward Mitchell, pro se. Karol K. Williams, Tampa, for Appellee/Cross-Appellant.
SILBERMAN, Judge.
Franz Edward Mitchell appeals a judgment imposing a charging lien in favor of his attorney, Jeanne L. Coleman, for attorney's fees incurred in connection with his dissolution of marriage. Ms. Coleman cross-appeals and argues that the trial court should have included words of finality in the judgment so she could execute on the charging lien and that the trial court should have determined the amount of prejudgment interest due to her. We reverse the judgment, in part, because the scope of the charging lien is too broad, and we remand this matter for entry of an amended charging lien that is properly limited in scope and for a determination of prejudgment interest. We affirm without comment the other issues that were raised, including Mr. Mitchell's challenge to the amount of attorney's fees and costs that the trial court found was owed to Ms. Coleman.
*641 "A charging lien is an attorney's equitable right to have costs and fees owed for legal services secured by the judgment or recovery in the lawsuit." Newton v. Kiefer, 547 So.2d 727, 728 (Fla. 2d DCA 1989); see also Lochner v. Monaco, Cardillo & Keith, P.A., 551 So.2d 581, 583 (Fla. 2d DCA 1989). "It is not enough to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services." Correa v. Christensen, 780 So.2d 220, 220 (Fla. 5th DCA 2001). A charging lien may issue in a dissolution action and attach to the proceeds that are awarded to the client as part of the equitable distribution of property. See Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 92 n. 5 (Fla. 3d DCA 1987) (citing Conroy v. Conroy, 392 So.2d 934 (Fla. 2d DCA 1980)).
Here, the judgment states that "[a] charging lien is hereby imposed against the Former Husband, FRANZ EDWARD MITCHELL, in favor of the Law Office of Jeanne L. Coleman in the amount of $49,751.77." The judgment does not limit the lien to the proceeds that Ms. Coleman recovered on Mr. Mitchell's behalf in the dissolution action.
Mr. Mitchell asserts that Ms. Coleman's efforts did not produce a positive result and, therefore, that the trial court erred in granting a charging lien. Mr. Mitchell cites to several cases that discuss the imposition of charging liens and the proper scope of such liens. See Cole v. Kehoe, 710 So.2d 705, 706 (Fla. 4th DCA 1998) (concluding that the appealed order was too broad because it was not limited to the property that was involved in the dissolution action and because it purported to allow a lien on other property that the wife did not own at the time of suit and rendition of the attorney's services); Yavitz v. Martinez, Charlip, Delgado & Befeler, 568 So.2d 103, 105 (Fla. 3d DCA 1990) (stating that if a charging lien is imposed, it is against the judgment proceeds and not against the wife's personal assets).
Ms. Coleman responds that she met all of the required elements for the imposition of a charging lien. She acknowledges that a charging lien attaches only to the assets awarded to Mr. Mitchell in the final judgment of dissolution, but she disputes Mr. Mitchell's contention that her efforts did not produce a positive recovery on his behalf.
We agree that the trial court did not err in concluding that Ms. Coleman is entitled to a charging lien. However, the wording of the charging lien judgment is overly broad because it does not limit the lien to property recovered by Mr. Mitchell as a result of Ms. Coleman's efforts in the dissolution action. Therefore, we reverse the charging lien judgment, in part, and remand with directions that the trial court enter an amended judgment limiting the charging lien to the proceeds that Mr. Mitchell recovered as a result of Ms. Coleman's services in the dissolution action.
In her cross-appeal, Ms. Coleman argues that the trial court erred by not including words of finality that would enable her to execute on the judgment. Because we are reversing the judgment due to its being overly broad, this issue is moot. However, we note the following for the guidance of the parties and the trial court on remand.
Once Ms. Coleman established her entitlement to a lien in the dissolution litigation, she was entitled to enforce it by a summary proceeding in that action although "such a proceeding is not the exclusive mechanism for enforcing a charging *642 lien." Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla.1986). In Edward C. Tietig, P.A. v. Southeast Regional Construction Corp., 617 So.2d 761, 763 (Fla. 4th DCA 1993), the Fourth District stated that once the trial court determines entitlement to and the amount of a charging lien, an enforceable judgment should be entered in favor of the attorney and against the client.
Here, it is unclear whether the trial court intended to make the charging lien a final, enforceable judgment, and the charging lien judgment did not include traditional words of finality. See id. at 763 n. 3. Additionally, the trial court reserved jurisdiction to determine prejudgment interest and to enforce the charging lien. When the trial court entered judgment in Ms. Coleman's favor, the direct appeal of the final judgment of dissolution was pending and Mr. Mitchell's recovery was not final. Since that time, the direct appeal has been concluded with the dissolution judgment being reversed in part and remanded for further proceedings, including the equitable distribution of property. See Mitchell v. Mitchell, 841 So.2d 564, 571 (Fla. 2d DCA 2003). On remand, to the extent that a determination has been made concerning the division of the Mitchells' property, Ms. Coleman is entitled to a final judgment on her charging lien that is enforceable against specific property recovered in the dissolution action through her efforts on behalf of Mr. Mitchell. See Tietig, 617 So.2d at 763.
Ms. Coleman also argues that the trial court erred by reserving jurisdiction to determine the amount of prejudgment interest rather than determining and awarding interest as part of the charging lien judgment. Based on the record before us, we disagree. Ms. Coleman's fee contract with Mr. Mitchell states that he was to pay each bill in full within fifteen days of each billing date and that interest would be added to any bill remaining unpaid on the last day of the month following the billed month. Ms. Coleman represented Mr. Mitchell between August 1999 and June 2001. A lengthy itemization of fees and costs is contained in the record, but it does not reflect individual billing dates or interest computations. The documents suggest that at least some of Ms. Coleman's bills were paid in installments. Because it appears that the trial court did not have before it sufficient information to determine the amount of prejudgment interest, we cannot conclude that the trial court erred by reserving jurisdiction on this issue. On remand, Ms. Coleman may recover prejudgment interest as part of her charging lien, provided that adequate proof is provided to the trial court establishing the amount of such interest.
In summary, we affirm the findings and conclusions of the trial court, but we reverse the charging lien judgment, in part, because it is overly broad. We remand this matter for entry of an amended judgment reflecting that the charging lien attaches to and is enforceable against those proceeds of the dissolution action that Mr. Mitchell recovered through Ms. Coleman's efforts. The charging lien shall include prejudgment interest to the extent that Ms. Coleman establishes the amount of such interest.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and VILLANTI, JJ., Concur.