960 So.2d 885 (2007)
Allan M. RUDD, Appellant,
v.
Sharon RUDD, Appellee.
No. 4D06-102.
District Court of Appeal of Florida, Fourth District.
July 18, 2007.
*886 Richard G. Bartmon of Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for appellant.
Lewis R. Shafer of Shafer & Associates, P.A., Boca Raton, for appellee.
SHAHOOD, C.J.
Appellant, the husband in this dissolution of marriage proceeding, appeals the trial court's order imposing a charging lien in favor of his former attorney, Lewis Shafer. Appellant contends that the charging lien must be dissolved because Shafer's work did not produce favorable "proceeds." Appellant also claims the charging lien violated due process by awarding an amount greater than that stated in Shafer's notice of charging lien. We disagree with appellant and affirm as to these issues. Appellant also argues that the charging lien and resulting money judgment are improperly unlimited in scope and improperly include fees incurred in perfecting and enforcing the charging lien. We agree and remand for amendment of the order.
Shafer filed a notice of charging lien and motion to adjudicate the charging lien *887 against appellant after withdrawing from the representation. The notice stated that appellant owed Shafer $11,853.93 in unpaid fees through March 31, 2005. The total amount of the charging lien entered by the trial court on October 11, 2005 was $20,700.39. The trial court made a specific finding that Shafer's firm had successfully protected appellant's assets and that the assets were the fruits of the attorney's efforts. The charging lien order provided that Shafer's lien extended to "all of the [Husband's][[1]] rights, titled [sic] and interest in and to any and all real and personal, tangible and intangible, property." The total amount included $975.00 in legal fees as well as another $1,125.00 in expert witness fees incurred in perfecting and enforcing the lien.
"The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." Cole v. Kehoe, 710 So.2d 705, 706 (Fla. 4th DCA 1998)(quoting Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla.1983)). "It is not enough to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services." Mitchell v. Coleman, 868 So.2d 639, 641 (Fla. 2d DCA 2004) (citation omitted).
Based on the language quoted from Mitchell, appellant attacks the charging lien with the argument that Shafer produced no favorable proceeds as fruit of his work on appellant's case. We disagree. "A charging lien may issue in a dissolution action and attach to the proceeds that are awarded to the client as part of the equitable distribution of property." Id.; see also Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 92 n. 5 (Fla. 3d DCA 1987); Dyer v. Dyer, 438 So.2d 954, 955 (Fla. 4th DCA 1983); Conroy v. Conroy, 392 So.2d 934, 936-38 (Fla. 2d DCA 1980). The trial court's imposition of the charging lien in the present case was proper. The property appellant retained pursuant to the equitable distribution award was subject to the charging lien.
We next turn to appellant's arguments regarding the lien's scope and the inclusion of improper fees. "By definition, an attorney's charging lien cannot attach to property not involved in the suit and not before the court." Cole, 710 So.2d at 706. The charging lien in this case essentially purports to extend without reservation to any of the husband's property interests. In Cole, this court remanded for amendment of a charging lien in favor of a wife's former attorney because the charging lien was not limited to property put before the court by virtue of the dissolution action. Id. The lien in Cole purported to extend to property the wife did not own at the time of the suit in which the attorney had rendered services. Id.
As in this case, the charging lien at issue in Cole also included fees incurred in enforcing the lien. Id. We found the inclusion of these fees improper because the attorney's efforts in enforcing the lien did not contribute to the wife's interests in the dissolution action and in fact could properly be considered adverse to those interests. Id. The analysis in Cole applies squarely to the present case. On remand, the language of the charging lien order should be amended to reflect that it is limited in *888 scope to the property before the court by virtue of the dissolution action. The fees associated with enforcing and perfecting the lien should be stricken.
Appellant also argues that the trial court erred in entering a lien and judgment that awarded Shafer a total amount higher than the amount stated in the notice of charging lien. We find this argument without merit. Charging liens filed during the pendency of a proceeding may be filed before or after an attorney's withdrawal in that proceeding. See Wolfe v. Wolfe, 540 So.2d 901, 901 (Fla. 4th DCA 1989). Shafer properly filed his notice of charging lien after his withdrawal but prior to final judgment in appellant's case. See Brydger v. Wolfe, 847 So.2d 1074, 1076 (Fla. 4th DCA 2003). The notice of charging lien filed by Shafer stated the amount appellant owed him as of a certain date. Appellant had notice that more fees were incurred in connection with the representation between the specified date and the time of withdrawal. See id.
Appellant's final claim is that the trial court erred in denying his motion to vacate the lien order and judgment under rule 1.540(b), Florida Rules of Civil Procedure. We conclude the trial court did not abuse its discretion and affirm on this issue without further discussion.
Affirmed in part, Reversed in part, and Remanded.
KLEIN, J., and REYES, ISRAEL U., Associate Judge, concur.
NOTES
[1] The original lien order contains a scrivener's error, referring to the "Wife's" property as subject to the charging lien instead of that of the husband.