984 So.2d 1265 (2008)
Jean NOEL, Flora Noel, individually, and the State of Florida, Department of Health, Appellants,
v.
SHELDON J. SCHLESINGER, P.A., Appellee.
No. 4D07-3531.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
Rehearing Denied July 24, 2008.
*1266 E. Bruce Johnson and Tamara M. Scrudders of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., Fort Lauderdale, for appellants Jean Noel and Flora Noel.
Bill McCollum, Attorney General, Scott D. Makar, Solicitor General, Craig D. Feiser, Deputy Solicitor General, Tallahassee, and Thomas D. Koch, Deputy General Counsel, Tallahassee, for appellant State of Florida, Department of Health.
Bruce S. Rogow and Cynthia E. Gunther of Bruce S. Rogow, P.A., Fort Lauderdale, for appellee.
Michael H. Davidson, Tallahassee, for amicus curiae State of Florida Department of Financial Services.
GROSS, J.
We reverse an order imposing a charging lien on money appropriated by the Florida Legislature in a claims bill.
In 1999, Minouche Noel and her parents, Jean and Flora Noel, recovered a judgment against the State Department of Health and Rehabilitative Services arising out of botched medical treatment. The Noels were represented by appellee, Sheldon J. Schlesinger, P.A. The jury awarded $6.5 million to Minouche and $2 million to her parents. The State paid $200,000 to the Noels, that portion authorized by section 768.28(5), Florida Statutes (2007), the waiver of sovereign immunity statute.
In 2007, the legislature passed Chapter 2007-261, Laws of Florida, a claims bill providing relief to the Noels. From general revenue, the bill appropriated $6,500,000 for Minouche and $2,000,000 for her parents. The bill also provided that "[p]ayment for attorney's fees and costs incurred by the claimant's attorneys shall not exceed $1,074,667." Appellee is "claimant's attorneys" within the language of the bill.
After the claims bill was signed by the governor, appellee moved to reopen the 1999 case to obtain a charging lien against the appropriation for the Noels, seeking an additional fee award based on a contingent fee contract with them. Appellee persuaded the circuit court to issue a charging lien against the appropriation for the Noels in the claims bill.
The remedy of a charging lien may not be imposed against an appropriation of a claims bill. A charging lien "is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." Rudd v. Rudd, 960 So.2d 885, 887 (Fla. 4th DCA 2007) (internal citations omitted). "[T]he lien will attach *1267 only to the tangible fruits of the services." Id. (citation omitted). "By definition, an attorney's charging lien cannot attach to property not involved in the suit and not before the court." Id. (quoting Cole v. Kehoe, 710 So.2d 705, 706 (Fla. 4th DCA 1998)).
The claims bill in this case did not involve money received in the 1999 lawsuit that could be subject to a charging lien. The private relief bill granted to the Noels was not obtainable by right, but by legislative grace. See United Servs. Auto. Ass'n v. Phillips, 740 So.2d 1205, 1209 (Fla. 2d DCA 1999). Section 768.28(5) limits total recovery in a suit to $200,000. This limit includes attorney's fees. See Zamora v. Fla. Atl. Univ. Bd. of Trs., 969 So.2d 1108, 1109 (Fla. 4th DCA 2007). Section 768.28 then states, "and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature." § 768.28(5), Fla. Stat. (2007). The word "may" "denotes a permissive term rather than the mandatory connotation of the word `shall.'" Shands Teaching Hosp. & Clinics, Inc. v. Sidky, 936 So.2d 715, 721 (Fla. 4th DCA 2006) (quoting The Florida Bar v. Trazenfeld, 833 So.2d 734, 738 (Fla. 2002)).
Thus, a claims bill is "an act of grace," a "voluntary recognition of its moral obligation by the legislature . . . based on its view of justice and fair treatment of one who ha[s] suffered at the hands of the state." Gamble v. Wells, 450 So.2d 850, 853 (Fla.1984). That the claim bill is separate and apart from the constraints of an earlier lawsuit is demonstrated by the supreme court's recognition that legislature has the power to limit attorney's fees in a claims bill, no matter what the underlying fee contract provides:
The legislature then, as a matter of grace, could allow compensation, decide the amount of compensation, and determine the conditions, if any, to be placed on the appropriation.
Id. Since the Noel claims bill appropriation was separate and apart from the recovery in the lawsuit, the circuit court was not authorized to impose a charging lien upon it.
A second reason supporting reversal is that a fair reading of the claims bill indicates the legislative intent to limit appellee's fees to $1,074,667. The supreme court upheld a similar limitation in Gamble.
STEVENSON and MAY, JJ., concur.