DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHELLE TUCKER,**
Appellant,

v.

**LEONARD M. TUCKER,**
Appellee.

No. 4D14-105

[May 27, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Cohen, Judge; L.T. Case No. 10-11803 (37).

Theresa M. Yuricic of Yuricic Law Firm, P.A., Delray Beach, for appellant.

Joyce A. Julian of Joyce A. Julian, P.A., Fort Lauderdale, for appellee.

DAMOORGIAN, C.J.

Michelle Tucker ("Former Wife") appeals an order imposing an attorney's charging lien in favor of her former attorney, Joyce Julian, for work the attorney performed while representing Former Wife in her divorce. Former Wife argues that the lien should be dissolved because Julian's work did not produce a tangible positive result in her divorce case, and the trial court denied Former Wife due process of law and her request for a jury trial in the lien proceeding. We affirm on these issues without further comment. *See Rudd v. Rudd*, 960 So. 2d 885 (Fla. 4th DCA 2007). Former Wife also argues that the trial court erred when it awarded Julian fees and costs incurred in perfecting the lien, and ordered the charging lien to be impressed upon Former Wife's permanent periodic alimony award. We agree with Former Wife on these issues and remand for further proceedings consistent with this opinion.

By way of background, Former Wife hired Julian to represent her in her divorce. After three months of representation, Julian withdrew from the case. At the conclusion of the divorce proceeding, Julian filed a notice of charging lien and motion to adjudicate the charging lien against Former Wife. The notice stated that Julian was owed $7,158.00 in unpaid fees.

After conducting an evidentiary hearing, the trial court entered an order concluding that Julian's work contributed to the positive results benefitting Former Wife in the dissolution case, and ordered that Julian's lien extended to "any and all payments, stock transfer or property provided to the Former Wife prior to their transfer."[1] The total amount of the charging lien was $9,251.00, which reflected $6,713.50 in unpaid legal fees for the three months Julian represented Former Wife, and $1,400.00 in attorney's fees plus $1,137.50 in expert witness fees accrued in enforcing the charging lien.

"'The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to [the attorney] in the judgment or recovery in that particular suit.'" *Rudd*, 960 So. 2d at 887 (quoting *Cole v. Kehoe*, 710 So. 2d 705, 706 (Fla. 4th DCA 1998)). "'It is not enough to support the imposition of a charging lien that an attorney has provided . . . services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services.'" *Id.* (quoting *Mitchell v. Coleman*, 868 So. 2d 639, 641 (Fla. 2d DCA 2004)).

In *Cole*, we held that an attorney may not use a charging lien to secure fees incurred in enforcing the lien. 710 So. 2d at 706. We explained that the actions of an attorney in enforcing a charging lien does nothing to contribute to a positive judgment or settlement for the client. *Id.* "In fact, it can fairly be said that [a] proceeding to enforce [a] charging lien [is] adverse to the [former client's] interest[]." *Id.*; *see also Rudd*, 960 So. 2d at 887 (remanding the case with instructions that the fees associated with enforcing and perfecting the lien should be stricken).

Accordingly, although we affirm the order to the extent that it imposes a charging lien, we remand with instructions for the trial court to eliminate from the order the $2,537.50 incurred in the prosecution of the charging claim.

Next, we address Former Wife's claim that the trial court improperly permitted the charging lien to be impressed upon Former Wife's alimony. "[A]n attorney's charging lien should not be enforced against an award of permanent periodic alimony if to do so would deprive a former spouse of daily sustenance or the minimal necessities of life." *Dyer v. Dyer*, 438 So.

---

[1] At the conclusion of the divorce case, Former Wife was awarded permanent periodic alimony in the amount of $6,000 a month, as well as equitable distributions of marital assets.

2d 954, 955 (Fla. 4th DCA 1983); *see also Leone v. Leone*, 619 So. 2d 323, 323 (Fla. 3d DCA 1993) (reversing and remanding "for the trial court to determine whether enforcement of the charging lien [upon an alimony award] would deprive the wife of daily sustenance or the minimal necessities of life").

Here, the charging lien order provides that Julian's lien extends to "any and all payments, stock transfers or property provided to the Former Wife prior to their transfer." This language invariably includes Former Wife's alimony award. In awarding Former Wife permanent periodic alimony in the amount of $6,000.00 per month, the trial court noted that Former Wife needed alimony in order to maintain her accustomed upper middle class lifestyle and that the alimony award would be insufficient to meet all of her financial needs. The record does not contain findings establishing whether the enforcement of the charging lien against the alimony award would deprive Former Wife of daily sustenance or the minimal necessities of life.

Accordingly, we reverse and remand on this issue and instruct the trial court to determine whether the enforcement of the charging lien against the alimony award in this case would deprive Former Wife of daily sustenance or the minimal necessities of life.

*Affirmed in part, reversed and remanded in part.*

TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3