CANADY, J.,
dissenting.
I dissent from the majority’s decision regarding both the certified question and the issue of severability.
I would adhere to our decision in Gamble v. Wells, 450 So.2d 850 (Fla. 1984), and answer the certified question in the affirmative. The enactment of section 768.28, Florida Statutes, has in no way undermined the reasoning of Gamble, which recognized the broad constitutional power of the Legislature in addressing a claims bill:
[The claimant] could only request that the legislature grant the compensation sought. The legislature then, as a matter of grace, could allow compensation, decide the amount of compensation, and determine the conditions, if any, to be placed on the appropriation.
Parties cannot enter into a contract to bind the state in the exercise of its sovereign power. The legislature had the power to place the attorney’s fee limitation in [the claims bill]. [The claimant], by the terms of his contingent fee contract with [his attorney], could not deprive the legislature of this power. The legislature was in no way bound to pass legislation conforming with the provisions of the prior contingent fee contract.
Id. at 853. The Legislature’s action in adopting section 768.28 did not curtail the constitutional authority of the Legislature. I therefore would approve and adopt Judge Forst’s cogently reasoned opinion for the Fourth District. See Searcy Denney Scarola Barnhart & Shipley, P.A. v. State, 194 So.3d 349 (Fla. 4th DCA 2015).
*1198 I strongly disagree with the conclusion of the majority concerning severability. In deciding that legislative intent can be respected and given effect by requiring the expenditure of appropriated funds for a purpose that is expressly prohibited by the Legislature, the majority has turned our severability jurisprudence topsy-turvy.
We have recognized that “if severance would cause results unanticipated by the legislature, there can be no severance of the invalid parts[, and] the entire law must be declared unconstitutional.” E. Air Lines, Inc. v. Dep’t of Revenue, 455 So.2d 311, 317 (Fla. 1984) (citing Kass v. Lewin, 104 So.2d 572 (Fla. 1958)). Severance is permissible only “if the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void; and the good and bad features are not inseparable and the Legislature would have passed one without the other.” Presbyterian Homes of Synod of Florida v. Wood, 297 So.2d 556, 559 (Fla. 1974) (citing Cramp v. Bd. of Pub. Instruction of Orange County, 137 So.2d 828 (Fla. 1962)). Here, there is no basis for concluding that the Legislature would have anticipated that appropriated funds would be used for a purpose that was expressly prohibited. And there is no basis for the view that the specific allocations of funds for distinct purposes mandated by the Legislature are “not inseparable.” The result of severance here is that the Legislature’s purpose is thwarted in two ways: less funds than appropriated are provided to the special needs trust and more funds than appropriated are provided for attorneys’ fees. Severance thus wreaks havoc on the legislative scheme.