POLSTON, J.,
dissenting.
I would answer the certified question in the affirmative. The Florida law limiting the amount of attorneys’ fees does not unconstitutionally impair a pre-existing contract that expressly contemplates and accepts that Florida law may limit the amount of attorneys’ fees.
As acknowledged by the majority, it is well-settled law that the Florida Legislature has complete discretion in its decision to grant a legislative claims bill, which is an act of grace. See Gamble v. Wells, 450 So.2d 850 (Fla. 1984). The Legislature could indisputably have chosen to make no award to the injured person and pay no attorneys’ fees. But the Legislature awarded $15,000,000 to the Guardianship of Aaron Edwards. Ch. 2012-249, Laws of Florida. It also provided $100,000 for attorneys’ fees and other costs:
Section 3. The amount paid by Lee Memorial Health System pursuant to s. 768.28, Florida Statutes, and the amount awarded under this act are intended to provide the sole compensation for all present and future claims arising out of the factual situation described in this act which resulted in the injuries suffered by Aaron Edwards. The total amount paid for attorney’s fees, lobbying fees, costs, and other similar expenses relating to this claim may not exceed $100,-000.
Id. (emphasis added).
The majority holds that this award of attorneys’ fees unconstitutionally impairs the fee agreement between the Searcy Denney firm and its clients. However, the fee agreement specifically provides that “[i]n the event that one of the parties to pay my claim for damages is a governmental agency, I understand that Federal and Florida Law may limit the amount of attorney fees charged by [Searcy Denney], and in that event, I understand that the fees owed to [Searcy Denney] shall be the amount provided by law.” (Emphasis added.) Lee Memorial Health System of Lee County is a governmental agency, and the Florida law enacted by the Legislature limited the amount of attorneys’ fees to *1199 $100,000. Accordingly, because the fee agreement explicitly anticipates and agrees to an award of fees as limited by Florida law and in the amount provided by law, there is no impairment of contract. For there to be an unconstitutional impairment of the contract as the majority concludes, the fee agreement would have to be written differently.
The majority also severs the award of attorneys’ fees that it claims is unconstitutional so that the award to Aaron Edwards remains and is left untouched by its ruling. Although this is a favorable result for the plaintiff and his attorneys, it is not what the law requires. The Legislature was very clear that it was awarding only $100,000 for anyone other than Aaron Edwards. However, the result of the majority’s ruling is to take $2,500,000 from the Guardianship of Aaron Edwards for attorneys’ fees, a result that was explicitly rejected by the Legislature with its enactment of the claims bill. Unlike the majority, I cannot read a different legislative intent and purpose into the claims bill. See Lawnwood Med. Ctr., Inc. v. Seeger, 990 So.2d 503, 518 (Fla. 2008) (delineating the four-part test for determining whether severance is appropriate, including whether “the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void” and whether “the good and the bad features are not so inseparable in substance that it can be said that the Legislature would have passed the one without the other” (quoting Cramp v. Bd. of Pub. Instruction of Orange Cty., 137 So.2d 828, 830 (Fla. 1962))).
I respectfully dissent.
LABARGA, C.J., concurs.