Ciklin, C.J.
Grossman Roth, P.A. (“the law firm”) appeals an order granting final summary judgment in a declaratory judgment action in favor of Kristi Mellen, Individually and as Personal Representative of the Estate of Michael Munson. We find merit in the law firm’s first argument on appeal, that the trial court erred in upholding a provision of a claims bill limiting the law firm’s contingency fee. The Legislature’s claims bill provision is an unconstitutional impairment of the fee agreement between the parties, and we reverse. As to the second issue raised, we affirm without further discussion.
The law firm represented Mellen in a medical malpractice action against a hospital. The hospital was a state entity and thus enjoyed a sovereign immunity damages limitation of $200,000 per incident or occurrence under section 768.28(5), Florida Statutes (2008).[1] However, section 768.28(5) permits a claimant to seek recovery of a judgment exceeding this amount from the Florida Legislature. Such recovery may be sought through a claims bill, but pursuant to the Rules of Senate, such a bill may not be heard or considered by the Senate “until all available administrative and judicial remedies have been exhausted.” Fla. S. Rule 4.81(6) (2012). Attorney’s fees under section 768.28 are limited to “25 percent of any judgment or settlement.” § 768.28(8), Fla. Stat. (2008).
The parties entered into a contingency fee contract under which Mellen agreed to pay the law firm an amount based on her gross recovery “in accordance with the guidelines and limits established by the Supreme Court of the State of Florida with regard to cases of this type.” The contract specifically accounted for claims against governmental entities, citing the twenty-five percent contingency fee limitation of section 768.28(8) and stating, “Certain claims against governmental entities may have statutory limits on attorney’s *685 fees. In all cases the attorney’s fees will be the maximum amount permitted under law or by the Courts.”[2]
Pursuant to discussions with the law firm, the hospital agreed to settle the matter for $3,000,000 and to support the passage of a claims bill by the Legislature to effectuate recovery. Pursuant to the agreement, the trial court entered a consent final judgment for $3,000,000 against the hospital and ordered the hospital to tender the statutory limit of $200,000. It also entered an order approving the settlement, including the payment of an attorney’s fee of “25% pursuant to contract” and costs.
The law firm then pursued and obtained a claims bill on Mellen’s behalf. Chapter 2012-250, Laws of Florida, awarded the remaining $2,800,000 to Mellen, limited attorney’s fees to “15 percent of the first $1,000,000 awarded under this act, 10 percent of the second $1,000,000 awarded under this act, and 5 percent of the remainder awarded under this act, for a total of $290,000,” and provided that taxable costs may additionally be recovered.
The law firm disputed the propriety of the legislatively imposed $290,000 fee limitation and Mellen agreed to the law firm holding an additional $410,000 in escrow pending settlement of the fee dispute.[3] Mellen then brought an action for a declaratory judgment seeking an award of the escrow balance and the law firm counterclaimed for a declaratory judgment pronouncing the fee limitation provision of the claims bill unconstitutional.
The trial court entered judgment in favor of Mellen. It found two cases controlling, Gamble v. Wells, 450 So.2d 850, 853 (Fla. 1984), and Noel v. Sheldon J. Schlesinger, P.A., 984 So.2d 1265, 1267 (Fla. 4th DCA 2008), each of which generally holds that the Legislature is not bound by an existing contingency fee agreement when it voluntarily distributes funds as an “act of grace” through a private relief act or claims bill.
In ruling, the trial court did not have the benefit of the Florida Supreme Court’s recent opinion in Searcy, Denney, Scarola, Barnhart & Shipley, etc. v. State, 209 So.3d 1181 (Fla. 2017), a case very similar to the one at hand. There, a claims bill awarded a total of $15,000,000 to a claimant, but limited attorney's fees to $100,000 despite an existing agreement for a twenty-five percent fee. Id. at 1185-86. The trial court determined that Gamble and Noel compelled compliance with the bill’s limitation on attorney’s fees, and a majority of this court agreed. Searcy Denney Scarola Barnhart & Shipley, P.A. v. State, 194 So.3d 349, 354 (Fla. 4th DCA 2015). However, on a motion for certification of questions of great public importance, we certified the following question to the supreme court:
AFTER THE ENACTMENT OF SECTION 768.28, FLORIDA STATUTES, AND THE ADOPTION OF FLORIDA SENATE RULE 4.81(6), IS IT CONSTITUTIONALLY PERMISSIBLE FOR THE FLORIDA LEGISLATURE TO LIMIT THE AMOUNT OF ATTORNEYS’ FEES PAID FROM A GUARDIANSHIP TRUST ESTAB *686 LISHED BY A LEGISLATIVE CLAIMS BILL?
Searcy Denney Scarola Barnhart & Shipley, P.A. v. State, 190 So.3d 120, 121 (Fla. 4th DCA 2015).
■ In answering the question in the negative, the Supreme Court noted that in section 768.28, the Legislature “specifically directs that recovery of any amounts that exceed the limited waiver of sovereign immunity may be collected only by way of a legislative claims bill” and “provides for a limit on attorneys’ fees to be paid from the judgment amounts recovered.” Searcy, Denney, 209 So.3d at 1190. Read collectively “to achieve a consistent whole,” the Court concluded “that the Legislature intended in section 768.28(8) to allow fees to be charged, demanded, received, or. collected up to 25 percent of the judgment amount when payment is ordered by the circuit court, as well as when payment of all or part of that judgment is ordered by the Legislature in a claims bill, as expressly provided for in- section 768.28(5).” Id. at 1189-90 (citation omitted). The Court further found that the fee limitation in the claims bill at issue unconstitutionally impaired the preexisting contract between Searcy Denney and the claimant. Id. at 1193-94. It ultimately held “that the valid portion of the act may be severed from the invalid portion and still accomplish the beneficial purpose of the act in providing compensation due to the injured child” and quashed this court’s opinion. Id. at 1197.
Searcy, Denney is controlling in the instant case. Consequently, we reverse and remand for the trial court to proceed consistently therewith.

Reversed and remanded,

Warner and Taylor, JJ., concur.

. In pertinent part, section 768.28(5) provides:
Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment, or portions thereof, which, when to-talled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $200,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $100,000 or $200,000, as the case may be; and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature.

. Within the contract, Mellen also expressly waived her rights under Article I, Section 26 of the Florida Constitution, which provides that a claimant in a medical liability claim involving a contingency fee is entitled to receive no less than seventy percent of the first $250,000 in damages and no less than ninety percent of damages in excess of $250,000.

. Based on the parties’ agreement to a twenty-five percent fee, the law firm’s total contingency fee from the awards recovered from the hospital and the Legislature should be $750,000.