DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARY ABT** and **ROBERT ABT**,
Appellants,

v.

**METRO MOTORS VENTURES, INC.** d/b/a **GREICO NISSAN**
and
**STEINGER, ISCOE & GREENE, P.A.**,
Appellees.

No. 4D17-1960

[July 25, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet Carney Croom, Judge; L.T. Case No. 562014CA002287.

Julie H. Littky-Rubin of Clark, Fountain, La Vista, Prather, Keen & Littky-Rubin, LLP, West Palm Beach, and Bradford L. Jefferson of Bradford L. Jefferson, P.A., Fort Pierce, for appellants.

Alfred R. Bell, Jr., and Sean J. Greene of Steinger, Iscoe & Greene, P.A., Port St. Lucie, for appellee Steinger, Iscoe & Greene, P.A..

KUNTZ, J.

Mary Abt ("Former Client") appeals a judgment imposing an attorney's charging lien in favor of her former law firm Steinger, Iscoe & Greene, P.A. ("Law Firm") for work performed while representing her in a personal injury matter. She argues that the court erred in awarding the Law Firm amounts incurred in the prosecution of the charging lien. We agree.

The Law Firm was retained on a contingency fee basis. Before completing the case, the Former Client discharged the Law Firm, and the Law Firm filed a charging lien. Although the personal injury litigation settled, the court retained jurisdiction over the Law Firm's lien and found that the charging lien amounted to $59,649.61. This included $21,079.61 incurred in prosecuting the lien.

As argued by the Former Client, our decision in *Tucker v. Tucker*, 165

So. 3d 798, 800 (Fla. 4th DCA 2015), resolved this exact issue. In *Tucker*, the circuit court's order imposing a charging lien in the amount of $9,251 which included "$1,400.00 in attorney's fees plus $1,137.50 in expert witness fees accrued in enforcing the charging lien." *Id.* at 800. Relying on *Rudd v. Rudd*, 960 So. 2d 885 (Fla. 4th DCA 2007) and *Cole v. Kehoe*, 710 So. 2d 705, 706 (Fla. 4th DCA 1998), we concluded that "the actions of an attorney in enforcing a charging lien does nothing to contribute to a positive judgment or settlement for the client." *Tucker*, 165 So. 3d at 800. Thus, we affirmed the court's imposition of the charging lien, but remanded the case for the court to "eliminate from the order the $2,537.50 incurred in the prosecution of the charging claim." *Id.*

Here, the circuit court's order states that the Law Firm "has a valid charging lien against [the Former Client's] recovery and is entitled to recovery of $38,570.00 for attorney's and legal assistant fees, plus expert witness fees and prevailing party costs which will be determined at a later time." The court entered judgment in the amount of $59,679.61, an increase of $21,079.61. However, in her initial brief the Former Client states that "the trial court awarded an astonishing $20,158.22" in costs, and in the reply brief the Former Client states that we "should reverse the judgment awarding the [Law Firm] almost $19,000 in costs in the prosecution of its $38,570 lien." On remand, the court should eliminate the amounts incurred in the prosecution of the charging lien from the judgment.

*Reversed and remanded with instructions.*

TAYLOR and MAY, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**