NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VICTORIA SZURANT,          )
                                )
          Appellant,      )
                                )
v.                            )      Case No. 2D18-2092
                                )
JOSEF AARONSON; JAMES P. KNOX,  )
PLLC; PANGAEA INDUSTRIES, INC.;  )
THE PERFECT FIND OF SARASOTA,  )
LLC; MAGNUM SOLUTIONS, INC.; and )
EVEREST SERVICES, LLC;       )
                                )
          Appellees.      )
_____)

Opinion filed July 17, 2019.

Appeal from the Circuit Court for Sarasota
County; Donna Padar Berlin, Judge.

Victoria D. Szurant, pro se.

James P. Knox, pro se.

No appearance for remaining Appellees.

BADALAMENTI, Judge.

Victoria D. Szurant, appearing pro se, appeals a judgment imposing a

charging lien in favor of her former counsel, James P. Knox, for attorney's fees and

costs incurred during his representation of her in a dissolution of marriage proceeding.

Because the scope of the charging lien judgment extends beyond the proceeds

recovered by Ms. Szurant through the attorney's efforts in the dissolution proceeding, we reverse the judgment in part.

"[A] 'charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit.  It serves to protect the rights of the attorney.' "  Riveiro v. J. Cheney Mason, P.A., 82 So. 3d 1094, 1096 (Fla. 2d DCA 2012) (quoting Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So. 2d 1383, 1384 (Fla. 1983)).  "A charging lien may issue in a dissolution action and attach to the proceeds that are awarded to the client as part of the equitable distribution of property."  Mitchell v. Coleman, 868 So. 2d 639, 641 (Fla. 2d DCA 2004).

Here, the charging lien judgment states that Mr. Knox's firm, James P. Knox, PLLC, is entitled to the equitable distribution of funds Ms. Szurant has received from the marital dissolution action and "all of her money and/or personal property in her possession."  A charging lien judgment in a dissolution action, however, is limited only to property recovered by the client in the dissolution action as a result of the attorney's efforts.  See Rudd v. Rudd, 960 So. 2d 885, 887 (Fla. 4th DCA 2007) ("By definition, an attorney's charging lien cannot attach to property not involved in the suit and not before the court." (quoting Cole v. Kehoe, 710 So. 2d 705, 706 (Fla. 4th DCA 1998))); Yavitz v. Martinez, Charlip, Delgado & Befeler, 568 So. 2d 103, 106 (Fla. 3d DCA 1990) (explaining that when a charging lien is imposed, it is against the judgment proceeds and not against the wife's personal assets).

The wording of the charging lien judgment here is overly broad because it does not limit the charging lien to the proceeds recovered by Ms. Szurant as a result of

Mr. Knox's efforts in the dissolution action.  Therefore, we reverse the charging lien judgment, in part, and remand with directions that the trial court enter an amended judgment striking the language that the charging lien be placed on "all of her money and/or personal property in her possession."  See Mitchell, 868 So. 2d at 642 (affirming the findings and conclusions of the trial court but reversing "the charging lien judgment, in part, because it is overly broad" and "remand[ing] this matter for entry of an amended judgment reflecting that the charging lien attaches to and is enforceable against those proceeds of the dissolution action that [the client] recovered through [the attorney's] efforts").  We affirm the charging lien judgment in all other respects.

Affirmed in part, reversed in part, and remanded with instructions.

MORRIS and ATKINSON, JJ., Concur.